*Nov. Term, 1858.*

THE NEW ALBANY, &C., RAILRO'D Co. *v.* McNAMARA.

---

THE NEW ALBANY AND SALEM RAILROAD COMPANY *v.* McNAMARA.

In an action brought against a railroad company, before a justice of the peace, for the recovery of damages occasioned by the killing of the plaintiff's horse by the cars of the company, service of process upon a conductor on the road ten days before the day set for trial, is sufficient.

The legislature may prescribe a different rule for the service of process against a corporation, from that in force at the time of its creation; because such rule relates only to the remedy.

It is no defense to such action, if the horse was wantonly killed, that it occurred at a point where the road was properly fenced; nor that the company had paid the owner of the land, on which it was killed, for fencing the road, as a part of the consideration for the right of way through his farm.

*Quære*, whether it is competent for the legislature to require a railroad company to fence its road, where the charter contains no such requirement, or reservation of authority to make it.

APPEAL from the *Floyd* Circuit Court.

PERKINS, J.—Suit against a railroad company to recover the value of a horse killed by a locomotive. The suit was commenced before a justice of the peace. Recovery by the plaintiff, both before the justice and in the Circuit Court on appeal.

The process was served on a conductor of the road, ten

days before the day set for trial before the justice.   The service was sufficient.   It is not shown that the principal office of the company was out of the state; and it was competent for the legislature to prescribe a different rule as to service of process from that existing when the company was incorporated.   Such rule relates to the remedy, and not to the essence or obligation of the contract.

It is claimed that the horse was killed at a point where the road was properly fenced.   This is by no means clear from the evidence; while, on the other hand, it appears that the horse was wantonly killed, so that it cannot be material, whether the road was fenced or not.   The testimony is, that the horse was "run," in the language of a witness, by those in charge of the locomotive, some two to three hundred yards to a wide culvert, the tressel-work of which he attempted to leap, but failing to clear, fell upon it, was dashed against, and dragged "one hundred and thirty steps" by the locomotive before it was stopped.

It is further urged, that when the right of way was obtained by the railroad company, the company paid the land owner for fencing the road, as a part of the damages or consideration for the right, and that the company cannot be compelled, therefore, now to fence.   To this position there are two answers, aside from that which might, perhaps, be given on a discussion of its correctness abstractly considered.

1.  The fact of such payment was not proved.

2.  The horse was inexcusably killed under any circumstances.

Again; it is urged that it is not a requirement of the charter that the company shall fence its road, and that the requirement cannot be added.   The question is a grave one; but, for the reasons above stated, it is not material in the decision of this case.

Per Curiam.—The judgment is affirmed, with 5 per cent. damages and costs.

W. G. Cooper, for the appellants.

J. Collins, for the appellee.