## KOUTZ v. THE TOLEDO, WABASH AND WESTERN RAILWAY COMPANY.

RAILROAD COMPANY.—*Killing Stock.*—*Negligence of Owner.*—*Fence.*—Where a railroad company securely fences its track, and the owner of animals, for his own accommodation or through his own negligence, makes a change in such fence, whereby his animals reach such track and are killed by the cars of such company, the latter is not liable therefor.

From the Wabash Common Pleas Court.

*B. M. Cobb*, for appellant.

*C. B. Stuart* and *T. A. Stuart*, for appellee.

BIDDLE, J.—Suit by appellant, against appellee, for negligently killing two mules, by running over them with a locomotive and cars. Issue joined, trial by the court, finding for appellee, and judgment over a motion for a new trial, and exceptions. Appeal.

The finding was made special by the court at the request of the parties, and is in the following words:

" One Baker was the owner of a pasture lot immediately adjoining the railroad of the said defendant; the fence on the south side and next to the railroad having been built the fall of 1867, by the said defendant. The said fence was eight rails high, with riders, and these riders locked. That the pasture lot was in charge of one Daniel Koutz, a son of plaintiff, and had been for several months. The only access to said pasture lot was by a pair of bars, left open for the accommodation of the owner of said lot by the said defendant, when the said fence was built. These bars the said Daniel Koutz closed up, but for the purpose of ingress and egress to said pasture lot, he made a 'gap' by the side of said bars, and in doing so took off the riders from said fence, and took down the fence at a corner immediately adjoining said bars, and in putting it up again he left off the two top rails, making the fence at the gap six rails high. This made the fence at the gap about three feet high. In this condition it remained for some

time, being used by Daniel Koutz, but never putting up the fence as left by the defendant. This was the condition of the fence and lot when the plaintiff turned into this pasture lot two mules, spoken of in his complaint. They were turned into the lot by the plaintiff himself, at the gap aforesaid; and he laid down said gap, turned in his mules, and put up the gap to the height of six rails, and left it in this condition. The value of the mules was two hundred and eighty dollars. They were in the pasture two weeks and jumped out at this gap in the night and were killed by a train of cars on the defendant's railroad, while on the track thereof, near the place where they escaped from said pasture lot.

"Conclusion of law by the court.

"The defendant is not, from the above facts, liable for the killing of said mules, and there should be a judgment for the defendant."

The facts found show that the appellee had properly fenced the railroad track, and that the appellant caused the injury of which he complains. In such a case, he is not entitled to recover. No authorities are necessary.

The judgment is affirmed, with costs.