THE LOUISVILLE, NEW ALBANY AND CHICAGO R. W. Co. *v.* FRANCIS.

RAILROAD.—*Killing Stock.*—*Railroad Located on Highway.*—*Duty to Fence.*— Where, with the permission of the proper board of county commissioners, a railroad is located upon part of a public highway, the remainder of which is still used by the public as a highway, the company is not bound to fence its right of way, and is not liable under the statute for stock killed thereon.

From the Montgomery Circuit Court.

*S. C. Willson* and *L. B. Willson*, for appellant.

*J. F. Thompson* and — *Thompson*, for appellee.

BIDDLE, C. J.—Suit under the statute providing for compensation to the owners of animals killed or injured by railroads, brought by the appellee, against the appellant, before a justice of the peace, for killing a cow.

Judgment for the appellee before the justice; appeal by the appellant to the circuit court; judgment in the circuit court for appellee; appeal by the appellant to this court.

The case is prepared upon the evidence, the sufficiency of which to sustain the finding is the only question before us; and the only objection made to the sufficiency of the evidence is, that it shows, that, at the place where the cow was killed, the railroad could not lawfully have been fenced.

The evidence as to the killing, the value of the cow, and the ownership, is with the finding. As to the place at which the cow was killed, it is as follows:

Benjamin Francis testified: "Am the plaintiff in this action; * * the railroad, at the place where the cow was killed, is not fenced; there is a fence there on each side of the road; the railroad comes to the State road there; the cow was killed just where the railroad and the State road come together; the old State road ran due north, and the railroad comes round with a curve and runs on the old road, and following on it north, where it first strikes it, is the place where the cow was killed; at that point, from the centre of the railway track where she was killed, to the nearest border of the dirt road, is twenty-eight feet."

Testimony of George McCormick: "The wagon road, at the place where she (the cow) was killed, runs parallel with the road—runs right north and south, and so does the railroad. It was twenty-eight feet from the centre of the railroad track, at the place where the cow was killed, to the nearest wagon track of the wagon road. Don't think the wagon road there has been worked for fifteen years. * * There are no cattle-guards there. The wagon road is only a sort of pass-way for the neighborhood people; it runs on the west side of the railroad for a mile or two, and then crosses over the railroad and runs on the other side. There are farm fences on each side of the railroad

and wagon road at that place, not built or maintained by the railroad company, but by the land-owners on each side; but there are no cattle-guards to keep the cattle from going into the place between the fences."

Testimony of Allen T. Nicholson: "The railroad company has no fences or cattle-guards at the place where the cow was killed. There are fences on each side of the road at that place, but they are the farm fences."

Testimony of S. C. Willson: "I am acquainted with the locality where this cow is alleged to have been killed; at that place, and for several miles north, the railroad of the defendant is laid down upon a highway which has been used by the public for more than thirty years continuously. It is known as the Crawfordsville and Lafayette road, and sometimes called the 'old pike,' or 'old turnpike.' The Crawfordsville and Wabash Railroad Company procured the permission of the county commissioners to locate their railroad upon this highway, and so located and built it; and the defendant, The Louisville New Albany and Chicago Railway Company, by consolidation, succeeded to the rights of the Crawfordsville and Wabash R. R. Company, and still maintains the railroad along and upon this highway, as it was built by the latter company. The fences upon either side of the highway and the railroad are maintained now in the same places and at the same width apart, as they were thirty years ago. The wagon road runs first on one side of the railroad track and then upon the other, just where the best ground can be found, and crosses the railway track in several places within the distance of four or five miles."

Testimony of James McCabe: "I have known the locality where the cow is said to have been killed for several years, both before and since the building of the railway. The railroad is built right up through the 'old Croy Lane,' as it was called, or the 'old pike,' for five or six miles. My attention was called to the fences and the wagon

road along there recently. The fences are just about as they were on each side of the lane, as to position, as they were before the railroad was built. The wagon track now runs upon one side of the railway track and then upon the other side. I do not know how often the wagon track crosses the railroad in the lane. I think the fences occupy about the same positions, or lines, they always have."

This was all the evidence given touching the locality where the cow was killed, from which it appears that the railroad track at the place in question was located and laid upon and along a public highway; that, ever since the location of the railroad, the highway and the railroad have occupied the same ground. It is plain, then, that the railroad cannot be securely fenced in without fencing out the public from the highway. The appellant could not lawfully obstruct the highway by fencing in its railroad; and when a railroad can not be lawfully fenced, the company is not bound to fence it at all. This doctrine is too well settled to require the citation of authorities to support it. But see *The Indianapolis, etc., R. W. Co.* v. *Crandall, ante,* p. 365, where the cases are collected. And, as to this point, we think the evidence does not support the finding; indeed, it seems to us to be directly against it.

The judgment is reversed, with costs, and the cause remanded, with instructions to sustain the motion for a new trial, and for further proceedings.