THE LOUISVILLE, NEW ALBANY AND CHICAGO R. W. Co. v. SMITH.

PLEADING.—*Prayer of Complaint.*—An averment in a complaint for damages resulting from a tort committed by the defendant, that such tort is "to the damage of the plaintiff" in a specified sum, is a sufficient prayer for relief.

NEGLIGENCE.—*Pleading.*—In an action to recover for damages caused by the negligence of the defendant, it is sufficient, as to that point, to aver in the complaint, without alleging facts showing, that such injury resulted without any negligence on the part of the plaintiff.

RAILROAD.—*Killing Stock.*—*Failure to Fence.*—*Evidence.*—In an action under the statute, against a railroad company, for killing or injuring stock, the plaintiff must prove that his stock was struck by a train of the defendant.

From the Owen Circuit Court.

*T. J. Jackson*, for appellant.

*W. A. Montgomery*, *J. C. Robinson* and *J. H. Fowler*, for appellee.

PERKINS, J.—David H. Smith sued the Louisville, New

Albany and Chicago Railway Company, to recover damages occasioned by the running against and injuring a horse of his, by a locomotive of the defendant.

The complaint is in two paragraphs.

The first charges negligence on the part of the road, and alleges that the plaintiff was without fault.

The second charges, that the horse was killed at a point where the road was not so fenced as to prevent animals from straying onto it, and had not been for a long time.

A demurrer to each paragraph, for want of facts, was overruled, and exception taken. Answer, the general denial. Trial by jury; verdict for plaintiff, for one hundred and fifty dollars, and answers to interrogatories.

Motion for a new trial, for the reasons that the verdict was contrary to law, and not sustained by the evidence, overruled, exception reserved, and judgment. Appeal.

The errors properly assigned in this court are:

1. Overruling the demurrers to the paragraphs of complaint.

2. Overruling the motion for a new trial.

One objection taken by counsel, to the first paragraph of the complaint, is, that it does not conclude with a prayer for damages. It concludes by averring that the injury done to the horse was to the damage of the plaintiff in the sum of two hundred dollars. This is sufficient.

The other objection taken to the paragraph is, that it does not set out the facts showing that the averment, that the plaintiff was not negligent, is true.

The paragraph was good, on a demurrer for want of sufficient facts to constitute a cause of action.

The defects named, if defects they were, might have been reached by motion.

As to the second paragraph, the statute makes the road liable for stock killed. 1 R. S. 1876, p. 751. But section 7 declares, that "This act shall not apply to any railroad securely fenced in, and such fence properly maintained

by such company, lessee, assignee, receiver, or other person running the same."

The defendant has not brought herself within this section.

No errors of law, occurring at the trial and excepted to at the time, were alleged as reasons for a new trial; but the reasons assigned for such new trial were, that the verdict was contrary to the law and evidence.

In cases of this kind, based upon the statute, it is necessary to prove that the animal was struck by the train. *The Indianapolis, etc., R. W. Co.* v. *McBrown,* 46 Ind. 229.

We have carefully read the evidence. It leaves us in much doubt on this point, but the jury, in answer to an interrogatory, affirmed the fact. By the settled practice of this court, we must affirm the judgment.

The judgment is affirmed, with costs.