THE JEFFERSONVILLE, MADISON AND INDIANAPOLIS R. R. Co. ET AL. *v.* DOWNEY.

RAILROAD.—*Killing Stock.—Action against Owner and Lessee.—Pleading:*—In a joint action under the statute against one railroad company as the owner, and another as the lessee, of a certain railroad, to recover for stock alleged to have been killed by the cars of the latter whilst running such railroad, the complaint must, to be sufficient as to the lessee, allege that the lessee was running such railroad in the name of the owner.

SAME.—*Damages.— When Company Liable.*—In an action under the statute, against a railroad company, for killing stock, the evidence showed that the cars of the defendant struck one only of two animals, which were tied together, and dragged them both along the track so as to kill both. *Held*, that the plaintiff was not entitled to recover for the animal which had not been struck by the cars of the defendant.

From the Jefferson Circuit Court.

*C. E. Walker* and *W. S. Roberts*, for appellants.

*W. T. Friedley*, for appellee.

PERKINS, J.—Suit by the appellee to recover for stock killed.

The complaint is as follows:

"Plaintiff complains of the Jeffersonville, Madison and Indianapolis Railroad Company, a corporation under the laws of the State of Indiana, and the Pennsylvania Company, a corporation under the laws of the State of Pennsylvania, and for cause of action says, said first named defendant is now, and was on the 4th of July, 1875, the owner of a line of railroad running into and through the county of Jefferson, in the State of Indiana, and said

Pennsylvania Company was the lessee of said road at that time, and still is the lessee thereof, and was by its servants, at said time, operating said road, and running locomotives and cars over said track, in said county of Jefferson, and in running a locomotive and train of cars over said road, on the 4th of July, 1875, said locomotive and cars were run against two mules of plaintiff therein and thereupon said railroad track, and one of said mules was killed and the other injured thereby, so as to become a total loss to plaintiff, and was of no value whatever to plaintiff; and plaintiff avers, that said mules were each of the value of two hundred dollars, and of the total value of four hundred dollars; that said mules had entered upon said track and were struck, killed and injured at a point where said railroad track was not fenced, and where the necessities of the defendant and the convenience of the public did not require that said railroad track should not be fenced. Wherefore the plaintiff demands judgment for four hundred dollars, and for all proper relief."

A separate demurrer to the complaint by each defendant, for want of facts, was overruled, and exception taken.

Answer in general denial.

Trial by jury; verdict and judgment, over a motion for a new trial, for the plaintiff.

The court erred in overruling the demurrer of the Pennsylvania Company to the complaint. It did not contain the material averment, that the lessee, the Pennsylvania Company, was running the Jeffersonville, Madison and Indianapolis railroad in the name of the latter road. *The Cincinnati, Hamilton and Dayton R. R. Co.* v. *Bunnell, ante,* p. 183.

The case of *The Indianapolis, etc., R. R. Co.* v. *Warner,* 35 Ind. 515, is not in point. In that case the complaint did not show the relation of the two companies.

The court erred in overruling the motion for a new trial by said company.

There was no evidence tending to show that the lessee was running the leased road in the name of the owner. See the case above cited.

The court erred in overruling the motion for a new trial on the part of both defendants.

The damages were excessive. The suit was for the recovery of the value of two mules, of about equal value. One only of the mules was struck by the locomotive or train. The two were strongly tied together by a leather strap about their necks. The engineer running the train, the only witness who saw the collision, testified: The mules " were tied together. I struck one of them, and only one; struck the one in track."

On cross-examination, he said: " I reversed the engine the instant I saw them. One did not get on track; was on the right-hand side," etc.

The mule which was struck was dragged a distance on the road, and the mule not struck, being tied to it, as has been stated, was dragged after the one struck, and thus injured. On this point, there is no conflict of evidence. It is settled law in this State, that, under our statute on the subject, an animal killed or injured by a railroad train, to render the road liable for its value, must be struck by some part of the train by which it is claimed that it was killed or injured. *The Indianapolis, etc., R. W. Co.* v. *McBrown*, 46 Ind. 229; *The Louisville, etc., R. W. Co.* v. *Smith*, 58 Ind. 575. And this rule will operate in a case where two or more animals are tied together and placed in proximity to the track of the railroad, as were those in this case, however it might be in others. Here, the owner tied his mules together and turned them, so tied, onto the railroad track to graze, and left them for a day. Each was thus disabled to act with its natural freedom in avoiding danger. The tying of the two together in the manner and for the purpose it was done in this case did not make one mule of the two. It is not necessary for

us here to decide whether it was such conduct as might be held a voluntary abandonment of his said property or not. See *Koutz* v. *The Toledo, etc., R. W. Co.*, 54 Ind. 515; *The Jeffersonville, etc., R. R. Co.* v. *Dunlap*, 29 Ind. 426; *Knight* v. *The Toledo, etc., R. W. Co.*, 24 Ind. 402; *The Indianapolis, etc., R. R. Co.* v. *Townsend*, 10 Ind. 38; *The Jeffersonville, etc., R. R. Co.* v. *Adams*, 43 Ind. 402; *The Jeffersonville, etc., R. R. Co.* v. *Ross*, 37 Ind. 545.

The judgment is reversed, with costs, and the cause remanded, etc.