Louisville, New Albany and Chicago Railway Company *v.* White.

---

No. 11,140.

LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY *v.* WHITE.

RAILROAD.—*Fence.*—The fact that adjoining land-owners may have erected fences along a railroad does not relieve the company from the duty of keeping its track securely fenced.

INSTRUCTIONS.—An instruction, substantially given, may be refused.

SAME.—Imperfection in a single instruction is not available error, if other instructions given, taken in connection with it, fairly declare the law.

From the Parke Circuit Court.

*A. D. Thomas,* for appellant.
*G. W. Paul* and *J. E. Humphries,* for appellee.

ZOLLARS, J.—Action by appellee to recover the value of cattle killed on the line of appellant's railroad by one of its trains. The action is based on the statute in relation to fencing. After charging the time and place of the killing, the complaint contains the averment that at the place where the animals entered upon the railroad track and were killed, it was not fenced. Taken in connection with the other allegations of the complaint, this averment sufficiently connects the want of a fence with the time of the killing. The kill-

ing was done in Montgomery county.    On a change of venue the case was tried in Parke county.    There is evidence in the record, very positive in character, that prior to 1849 or 1850, what was known as a State road was located, opened and graded through at least a portion of Montgomery county; that it was intended to be a macadamized road, but was never finished beyond the grading and the building of culverts; that at some places the cuts and fills covered the entire width of the highway, viz., sixty feet; that in 1849 or 1850 the board of commissioners of Montgomery county granted to appellant the right to lay its track upon and use about two miles of the highway for the purposes of its railroad, and that the company laid its track upon the highway, and has ever since so used it.    So far as shown by the evidence, the public and the adjoining land-owners have acquiesced in that occupancy.    The appellee is one of the adjoining land-owners.    The animals escaped from one of his adjoining fields and went upon the track, two of them being killed and one injured.    Appellant does not dispute its occupancy, but its contention is that it has not and does not now occupy the whole of the highway; that, during the entire time of its occupancy, the public have used a part of the old State road as a public highway; that the highway so used is parallel with the railroad, a portion of the distance on one side and a portion of the distance on the other; that at the place where the animals went upon the track, the highway so used by the public is between the railroad and appellee's land; that at that point the company could not maintain a fence without interfering with the use of the highway by the public; in short, could not do so without trespassing upon the public highway.    The contention of appellee is that the company has had the use and occupancy of the whole of the old State road so far as its track was laid upon that road; that after the construction of the railroad, the old State road was abandoned as a public highway, and has never since been so used; that while there has been and still is a way parallel with the rail-

road, partly on either side of it, over which the people occasionally pass, it has not been and is not now a public highway, nor has it been wholly upon the old road; that at some places the top of the cuts and base of the fills are as wide as the old road, so that the way now occasionally travelled, at these points at least, is outside of the old highway; and that at the place where the animals entered upon the railroad a fence might be maintained between the railroad and the travelled way. The evidence tends to sustain appellee's contention. Some of the evidence seems to have been given with reference to some map shown to the witnesses. That map, if there was any, is not in the record, and hence many answers made with reference to it are unintelligible. Where the cuts and fills cover the width of the old road, the railroad company has necessarily occupied the whole of that road. At these points a joint user with the public would seem to be impossible. There is no evidence that any work has been put upon the road, or any portion of it, since it has been occupied by the railroad company. The facts that the road has been thus neglected, that the board of commissioners gave the railroad company the right to lay its track upon the road, and that there has been an acquiescence in that occupancy by all parties for more than thirty years, and that at the cuts and fills, or some of them, the company necessarily occupied the entire road, are sufficient to justify the jury in finding that the old road was abandoned by the public, and has ceased to be a public highway. *Jeffersonville, etc., R. R. Co.* v. *O'Connor*, 37 Ind. 95.

We are referred by counsel to the case of *Louisville, etc., R. W. Co.* v. *Francis*, 58 Ind. 389, where it was held that the company was not bound to fence, and we are told that that case involved the locality involved in the case before us. That may be so; we can not so determine, however, by a reading of that case. However the fact may be in this regard, that case was decided upon a state of facts entirely different from the facts in the case before us. In that case it was shown

without any conflict in the evidence, that the travelled way was a public highway.   On either side of the railroad the adjoining farmers have maintained fences, but this does not fill the requirements of the statute that the railroad company shall fence its road.   What is the character of those fences is not shown by the evidence.   Looking to the whole evidence, we can not say that the railroad company was not in fault in failing to fence its track, and hence can not reverse the judgment on the weight of the evidence.   So far as shown by the evidence in this case, there is nothing to prevent the railroad company from fencing in the space covered by the old road.

Neither can we reverse the judgment upon the instructions. We have carefully examined all of them, and especially those complained of.   The objections urged against them, we think, are not tenable.   If the eighth instruction stood alone, there might be some plausibility in the objections urged against it, but considered in connection with the other instructions, especially the sixth given by the court, it furnished no ground for complaint.   In the sixth the jury were instructed, substantially, that the company was not bound to maintain a fence at the place where the cattle entered upon the track, unless it could do so without interfering with the rights of the public or with the free use of the property belonging to private individuals or its own property.   This was surely as favorable to the railroad company as it had a right to ask.   There is nothing in the eighth instruction in conflict with the sixth, or that in any way weakens it.

The substance of the fourth instruction, asked by appellant and refused, is embraced in the instructions given by the court of its own motion.

Upon an examination of the whole case we find nothing that would justify a reversal of the judgment; it is therefore affirmed, with costs.

Filed March 26, 1884.