The Louisville, New Albany and Chicago Railway Company v. Hurst.

No. 11,163.

THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY
COMPANY v. HURST.

RAILROAD.—*Killing Stock.*—*Fences.*—*Highway.*—A railroad company is not
required to fence its road where it would obstruct a public highway, and
the want of fencing at such place does not make it liable for stock killed
or injured.

From the Warren Circuit Court.

*W. F. Stilwell*, for appellant.

*J. A. Stein* and *G. W. Collins*, for appellee.

HAMMOND, J.—Action by the appellee against the appel-
lant to recover the value of a colt killed by a locomotive at
a place where the railroad was alleged not to have been se-
curely fenced. The action, commenced in the superior court
of Tippecanoe county, was taken by change of venue to the
court below. There was a trial by the court with a finding
and judgment for the appellee.

The record properly presents the question whether the ev-
idence was sufficient to sustain the finding. The evidence
shows that the animal entered upon the track and was killed
either at a point on the railroad at the crossing of a public
highway, or at a place on the railroad where a public high-
way ran along the side of, and so near to it, that the railroad
at such place could not be fenced without obstructing the
highway.

It is well settled that a railroad company is not required
to fence its road where a public highway would be obstructed
by the fence; and where it is excused from fencing its road,
the want of such fencing does not make it liable for stock
killed or injured by its locomotives, cars, or other carriages.
*Louisville, etc., R. W. Co.* v. *Francis*, 58 Ind. 389; *Wabash
R. W. Co.* v. *Forshee*, 77 Ind. 158.

The appellant's motion for a new trial should have been sus-

tained. Judgment reversed with costs, with instruction to the court below to sustain the appellant's motion for a new trial.

Filed April 4, 1884. Petition for a rehearing overruled Nov. 14, 1884.