Croy v. The Louisville, New Albany and Chicago Railway Company.

Filed Oct. 16, 1884.

---

No. 11,389.

## CROY v. THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY.

INTERROGATORIES TO JURY.—Special Findings.— General Verdict.—In order that the special findings of a jury in answer to interrogatories may control the general verdict, they must be irreconcilably inconsistent therewith.

SAME.—Material Facts.—In order to entitle the plaintiff to a judgment on the special findings notwithstanding the general verdict, all material facts must appear in the finding.

RAILROAD.—Injury to Cattle.—Evidence.— Venue.—Jurisdiction. — In a suit against a railroad company for injury to cattle by cars, proof must be made that the injury occurred in the county where suit is brought. This is a jurisdictional fact.

SAME.—Direct Injury.—In such a suit there must be proof of direct injury —proof that the animal was actually touched by the locomotive or cars.

Croy v. The Louisville, New Albany and Chicago Railway Company.

SAME.—*Fences.*—*Private Way to Highway.*—Where a railroad company has no right by fencing in its track to exclude proprietors from their private passage to the highway, it is not liable under the statute for injury to cattle.

From the Montgomery Circuit Court.

*G. W. Paul, M. D. White* and *J. E. Humphries,* for appellant.

*A. D. Thomas,* for appellee.

BLACK, C.—The appellant brought his action against the appellee to recover, under the statute, damages for the injuring of cattle by running a locomotive and train of cars upon them.

A general verdict for the defendant was returned, with answers to interrogatories, which were propounded to the jury by each party. The plaintiff moved for judgment upon the answers to the interrogatories, notwithstanding the general verdict. This motion was overruled, as was also the plaintiff's motion for a new trial.

In order that the special findings of a jury in answer to interrogatories may control the general verdict, they must be irreconcilably inconsistent therewith.

To entitle the plaintiff to recover, it was necessary that there be proof of the fact, alleged in the complaint and denied in the answer thereto, that the animals were injured in the county in which the action was brought. *Evansville, etc., R. R. Co.* v. *Epperson,* 59 Ind. 438; *Louisville, etc., R. W. Co.* v. *Breckenridge,* 64 Ind. 113; *Louisville, etc., R. W. Co.* v. *Davis,* 83 Ind. 89. This jurisdictional fact was not shown by the special findings.

The statute, R. S. 1881, section 4025, *et seq.,* gives the right of action for the killing or injuring of animals by the locomotives, cars or other carriages used on the railroad, and this is construed to require proof of direct injury—proof that the animal for the killing or injuring of which action is brought was actually touched by the locomotive, cars or other carriages. *Indianapolis, etc., R. W. Co.* v. *McBrown,* 46 Ind. 229; *Louisville, etc., R. W. Co.* v. *Smith,* 58 Ind. 575.

Croy v. The Louisville, New Albany and Chicago Railway Company.

It was not shown by these special findings, that the animals were struck, or touched, or killed, or injured by the locomotive, cars or other carriages, or even that they were injured or killed upon the railroad track.

Unless all the material facts of the cause of action were proved, the verdict could not be otherwise than for the defendant. We can not look to the evidence in reviewing the ruling upon a motion for judgment on the answers of the jury to interrogatories, notwithstanding the general verdict.

Facts necessary to the plaintiff's recovery not being shown by the special findings, he could not have judgment thereon over the general verdict for the defendant.

The evidence showed that the animals entered upon the railroad at night, by escaping from the plaintiff's enclosed field in which they were pasturing; that the fence along the east side of this field, over which the animals passed, was a good rail fence, maintained by the plaintiff, nine or ten rails high, and such a fence as was used by good husbandmen of the neighborhood; that at the place where the animals entered, this fence was twenty-four feet from the railroad track, and that a fence extended in an unbroken line along the west side of the railroad for about three-fourths of a mile northward and the same distance southward from the place of entry. The railroad, constructed many years before, was located, by permission of the board of county commissioners entered of record, upon a State road leading from Crawfordsville to Lafayette, commonly known as "the turnpike." There was also a fence east of the railroad opposite the place where the cattle entered and about forty-eight feet distant from the railroad track, and this fence, like that on the west side, extended northward and southward to intersecting county roads running east and west, the place being called "Croy's Lane." There was no evidence of a vacation of this State road; on the contrary, it was shown that it was still used as a highway and worked as such by the road supervisors. At the place where the animals entered, the wa-

gon track ran along on the east side of the railroad track and about twenty-five feet from it. At the distance of a half a mile southward, the wagon track crossed the railroad track and ran along the west side thereof. The fences along this highway were situated substantially as they were when the railroad was constructed, and the adjoining proprietors continued to use the highway and had no other outlet from their farms. Immediately opposite the place where the animals entered, the railroad ran through a cut three and one-half feet deep, and the track of the railroad could not be used for the passage of wagons thereon.

, Counsel for the appellant insist that the appellee was liable, under the statute, because the railroad was not " fenced in " by means of fences on both sides of the railroad track connected with cattle-guards and separating it from the wagon-track.

It is not necessary to decide a question argued by counsel, whether under the statute a railroad company is liable for killing or injuring by its train animals which entered upon the railroad by passing over a good fence extending along one side of the railroad, and not maintained by the railroad company, at a place where it was possible to fence in the railroad without interference with the rights of the public or those of the railroad company, but it was not fenced in.

Before this railroad was constructed, the place upon which the appellant's cattle entered was a public highway, over every part of which travellers were entitle to pass. When the railroad company made its track there, it had no right to further obstruct the highway by erecting fences and constructing cattle-guards thereon.

A railroad company is liable for failure to fence private ways. *Baltimore, etc., R. R. Co.* v. *Kreiger*, 90 Ind. 380. But the appellee had no right by fencing in its track to exclude the proprietors along the Croy Lane from the use of the highway or to close their private passage ways to and from it.

This court has already decided that at the particular place where the appellant's animals were injured, the appellee is not bound to fence in its right of way, and that the appellee is not liable under the statute for killing or injuring animals there. *Louisville, etc., R. W. Co.* v. *Francis*, 58 Ind. 389; *Louisville, etc., R. W. Co.* v. *Wysong*, 58 Ind. 597.

The cases of *Louisville, etc., R. W. Co.* v. *White*, 94 Ind. 257, and *Louisville, etc., R. W. Co.* v. *Shanklin*, 94 Ind. 297, did not overrule the cases above cited from 58 Ind., but were decided upon a state of facts, shown by the evidence, different from those upon which this decision proceeds.

As there could be no recovery by the appellant under the evidence, it is wholly immaterial whether or not there was any error in the giving or refusing of instructions to the jury.

PER CURIAM.—Upon the foregoing opinion, the judgment is affirmed, at the appellant's costs.

Filed June 19, 1884.   Petition for a rehearing overruled Oct. 11, 1884.