The Fort Wayne, Cincinnati and Louisville Railroad Co. v. O'Keefe.

No. 250.

## THE FORT WAYNE, CINCINNATI AND LOUISVILLE RAILROAD COMPANY v. O'KEEFE.

RAILROAD.—*Animals Running at Large.*—*Liability for Injury to.*—*Wilful Injury.*—At common law railroad companies are not bound to fence their tracks, and where an owner of animals permits them to run at large in the vicinity of a railroad, in the absence of an order of the board of commissioners permitting the same, he is guilty of such negligence as will prevent him from recovering, if such animals stray upon the track and are killed or injured, unless the killing or injury was wilful.

SAME.—*Contributory Negligence.*—*Wilful Injury.*—*Animal Running at Large.* —Where a colt was unlawfully running at large, and strayed upon a railroad track, and became frightened at an approaching train, and ran upon the track and fell upon a tressel so that it could not get off the track, and the employees of the company, after being requested to wait till other help could be secured, as that present was insufficient to remove the colt with safety, kicked the colt and gave it a lunge, when it fell off the side of the tressel, falling about eight feet, and in a few days thereafter died from injuries thus sustained, there was evidence tending to show that the injury to the colt was wilfully and negligently inflicted, and that the plaintiff was entitled to recover, notwithstanding his own negligence in permitting the colt to run at large.

SAME.—*Judgment.*—*Motion for Non Obstante.*—*Interrogatories to Jury.*—Where there is a verdict upon a complaint charging a wilful injuring, and there were interrogatories submitted to the jury relating wholly to the diligence of the trainmen, and the train's coming in contact with the colt, a motion for judgment *non obstante* was correctly overruled.

From the Rush Circuit Court.

*F. J. Hall, R. C. Bell* and *S. R. Morris,* for appellant.

*J. F. Joyce, B. L. Smith* and *C. Cambern,* for appellee.

REINHARD, J.—Action by the appellee against the appellant for damages for the killing of a horse upon appellant's railroad track. There was a demurrer to the complaint, which was overruled, and upon the filing of an answer of general denial the cause was tried by a jury, resulting in a verdict and judgment for the appellee for the value of the horse. The jury with their general verdict also returned

answers to interrogatories.    The appellant moved for a judgment notwithstanding the verdict, but the court overruled the motion, as also the appellant's motion for a new trial. All these rulings are properly assigned as error.    Among other causes assigned in the motion for a new trial is that of the insufficiency of the evidence to sustain the verdict, and to the solution of this question we will first address ourselves. The appellee's horse, which was killed, was being pastured in a field north of Hamilton Station, alongside of the appellant's railroad track.    The evidence tends to prove that the horse came out of the field through an opening in the fence, and walked on to the railroad track, going south, when the appellant's train came from the north and drove the horse ahead of it on to a tressel-work, which formed the approach to a bridge upon which it fell.    There is evidence that the trainmen were doing all in their power to turn the horse off the track so that the train could pass by it without inflicting any injury, but that the colt, having become frightened, ran up the grade on to the trestle where it became lodged.    The train was stopped and some of the appellant's employees, in their efforts to get the horse off the track so that the train could pass, caused it to fall over the trestle upon the ground.    Upon examination it was found that the horse had sustained fatal injuries, and it died some days afterwards.

It is not claimed that there was any evidence of contact by the locomotive or cars with the horse.    The killing was the result either of the fall upon the tressel or the fall over the same on to the ground.    It is well settled that under the statutes prior to the law of 1885 there could be no liability of a railroad company for the death or injury of an animal unless the same was killed or injured by an actual touching by the engine or cars or other carriages.    *Indianapolis, etc., R. W. Co.* v. *McBrown,* 46 Ind. 229 ; *Louisville, etc., R. W. Co.* v. *Smith,* 58 Ind. 575 ; *Baltimore, etc., R. W. Co.* v. *Thomas,* 60 Ind. 107 ; *Jeffersonville, etc., R. R. Co.* v. *Downey,* 61 Ind.

287; *Croy* v. *Louisville, etc., R. W. Co.,* 97 Ind. 126; *Louisville, etc., R. W. Co.* v. *Thomas,* 106 Ind. 10.

The enactment of 1885 has not changed the statutory liability. *Jeffersonville, etc., R. R. Co.* v. *Dunlap,* 112 Ind. 93. If, therefore, the appellee can recover in this case, it must be because of the appellant's common law liability for negligence. *New Albany, etc., R. R. Co.* v. *McNamara,* 11 Ind. 543; *Toledo, etc., R. W. Co.* v. *Milligan,* 52 Ind. 505; *Indianapolis, etc., R. W. Co.* v. *McBrown, supra; Pennsylvania Co.* v. *Lindley,* 2 Ind. App. 111.

At common law railroad companies are not bound to fence their tracks, and where the owner of the animals permits them to run at large in the vicinity of a railroad track, in the absence of an order from the board of commissioners permitting the same, he is guilty of such negligence as will prevent him from recovering if any such animals stray upon the track and are killed or injured, unless such killing or injuring was wilful. *Lyons* v. *Terre Haute, etc., R. R. Co.,* 101 Ind. 419; *Klenberg* v. *Russell,* 125 Ind. 531; *Chicago, etc., R. R. Co.* v. *Nash,* 1 Ind. App. 298; *Pennsylvania Co.* v. *Lindley, supra.*

Conceding, then, that the appellee kept his horse in a field near the railroad track which was not enclosed by a sufficient fence to confine stock ordinarily, it must be admitted that there can be no recovery in this case unless there was evidence from which the jury could legally conclude that the killing was wilful. The question, therefore, is, was there such evidence? We are of opinion that this question must be answered in the affirmative. Waiving all questions of negligence on the part of the appellant's employees up to the time the horse fell upon the tressel-work, there is evidence tending to prove that he was thrown by them in a violent manner over the said tressel, so that he fell from eight to ten feet before he struck the ground, and then rolled about twenty feet further; that, before throwing the horse over the tressel, the employees were requested to wait until other help

could be secured, as that present was insufficient to remove the horse with safety; that the employees refused to do this, but kicked the horse, and gave it a lunge, saying, "D—n the colt; get it off of there," when it fell over off of the side of the bridge. There was also evidence that the horse had a broken hip and other injuries likely to be produced by such a fall.

If the jury believed this evidence, it was sufficient to warrant them in finding that the injuries were inflicted, not only negligently, but wilfully and recklessly, We can not therefore disturb the verdict upon the evidence. The overruling of the motion for a new trial was not such error as will authorize a reversal of the judgment.

The appellant insists that its motion for a judgment *non obstante* should have been sustained. There were no interrogatories as to the question of wilful killing. They related wholly to the question of the train's coming in contact with the animal, and that of diligence by the trainmen before the horse got on the tressel. There is no necessary conflict between the general verdict and the answers to the interrogatories.

The remaining question relates to the sufficiency of the complaint upon demurrer. It proceeded upon the theory of a wilful and negligent killing, closely following the precedent in the case of *Indianapolis, etc., R. W. Co.* v. *McBrown, supra,* in which the complaint had been held sufficient. The demurrer was properly overruled.

We find no reversible error.

Judgment affirmed.

Filed March 29, 1892.