Filed June 7, 1895.

———————◆———————

No. 1,605.

CHILDERS v. THE LOUISVILLE, NEW ALBANY AND CHICAGO RAILWAY COMPANY.

RAILROAD.—*Liability for Stock Injured on its Tracks by Reason of Defective Fencing.*—*Stock not Struck by Locomotive or Cars.*—*Statute Construed.*—The liability of a railroad company for stock injured or killed on its tracks by reason of its failure to properly fence the same, is limited to cases where the stock is struck by a locomotive or cars.

Concurring opinion by DAVIS, J.

Dissenting opinion by GAVIN, J., which is concurred in by LOTZ, J.

From the Monroe Circuit Court.

*J. R. East* and *R. G. Miller,* for appellant.

*E. C. Field* and *W. S. Kinnan,* for appellee.

Ross, J.—Appellant brought this action against the appellee to recover for injuries to stock which entered on its right of way at a point where its fence was out of repair. The stock, after they got upon the right of way, became frightened at one of appellee's trains, and, running along the railroad track, jumped into a trestle and were injured. They were not struck by the locomotive or cars.

It is insisted by the appellant that the appellee's fail-

ure to maintain a fence along its right of way, as required by statute, constituted negligence and if his stock escaped by reason of appellee's neglect of duty, and were injured, the company is liable to him therefor.

At common law every man is bound to keep his stock upon his own premises, and is a wrongdoer if they are permitted to escape upon the lands of another.

Our statute, section 2831, R. S. 1894 (section 2637, R. S. 1881), changes the common law in so far that stock may be permitted to run at large if the board of commissioners have made an order allowing them to do so.

It is also provided by section 5323, R. S. 1894 (section 1077, E. S.), that railroads shall fence their right of way, and by section 5312, R. S. 1894 (section 4025, R. S. 1881), that if they fail to build and maintain a fence and stock gets upon the railroad track and is killed by the locomotives or cars, the company is liable therefor.

The right to recover for stock killed or injured which escape upon the railroad track by reason of the company's failure to maintain fences accrues by virtue of the statute, and the statute, section 5312, *supra*, provides that the company shall be liable when the stock is killed or injured by its locomotive or cars. The Supreme Court, in construing this statute, have uniformly held that in order to recover there must be evidence that the stock was struck by the locomotive or cars. *Ohio, etc., R. W. Co.* v. *Cole*, 41 Ind. 331; *Indianapolis, etc., R. W. Co.* v. *McBrown*, 46 Ind. 229; *Baltimore, etc., R. W. Co.* v. *Thomas*, 60 Ind. 107; *Croy* v. *Louisville, etc., R. W. Co.*, 97 Ind. 126; *Louisville, etc., R. W. Co.* v. *Thomas*, 106 Ind. 10; *Jeffersonville, etc., R. R. Co.* v. *Dunlap*, 112 Ind. 93.

In the last case cited the court, in construing the act of 1885, section 5323, *supra*, said: "It is argued that under

the above act, and the language above quoted, there may be a liability although the animal may not be struck by the cars, or engine, but it is not suggested just how the damage to the animal may be done by the engineer, etc., except by running a train of cars upon it. The above quoted language of the act is confused and uncertain, but, after much thought upon the whole subject, we think that it was not the intention that railway companies shall be held liable for the injury or killing of animals, unless they are injured or killed by the cars or engines.''

The complaint is not good as stating a cause of action for a negligent killing, and we can not agree with appellant's counsel that because the facts found tend to sustain the allegations of the complaint, and the court having overruled a demurrer to the complaint, judgment should have been rendered in his favor.

True, the court below overruled the demurrer to the complaint, but that fact is not conclusive that it states a cause of action. We have read the complaint and are convinced that it does not state a cause of action for a negligent killing, and the facts fail to establish one under the statute for a failure to fence.

Judgment affirmed.

Filed June 11, 1895.

## CONCURRING OPINION.

DAVIS, J.—The owner is not necessarily a wrongdoer when, without fault on his part, stock escapes from his premises. *Louisville, etc., R. W. Co.* v. *Ousler*, 36 N. E. Rep. 290; *Ohio, etc., R. W. Co.* v. *Craycraft*, 5 Ind. App. 335.

Ordinarily, my opinion would be that if the duty to fence, as required by statute, is negligently violated and the violation of the duty is the proximate cause of the

injury, the right of action of the owner of the stock is clear and complete. Section 5323, R. S. 1894; *Louisville, etc., R. W. Co.* v. *Hendricks,* 128 Ind. 462.

The courts, however, have held that under the act of 1885 there could be no liability for the death or injury of an animal unless the same was killed or injured by an actual touching by the engine or cars or other carriages. *Fort Wayne, etc., R. R. Co.* v. *O'Keefe,* 4 Ind. App. 249; *Jeffersonville, etc., R. R. Co.* v. *Dunlap,* 112 Ind. 93.

If an animal, by reason of the failure to fence, strays upon the track and is not struck by the locomotive or cars, there can be no recovery unless the killing or injuring was wilful. *Fort Wayne, etc., R. R. Co.* v. *O'Keefe, supra.*

The only negligence charged in the complaint is the failure to maintain the fence. It is not alleged that the killing was wilful. Prior to 1885 the statute did not positively enjoin upon railway companies the duty of fencing their tracks. *Jeffersonville, etc., R. R. Co.* v. *Dunlap, supra.*

The act of 1885 enjoined this duty. Section 5323, R. S. 1894, *supra.*

It was, however, expressly provided in this act that it should not in any manner affect the liability of railroad corporations for stock killed or injured, but such liability should exist and be governed by the laws then in force the same as if said act had never been passed. Section 5326, R. S. 1894.

The leading purpose of the act of 1885 was to give the owner of adjoining enclosed and improved lands the right and the power to have fences built and maintained either by or at the expense of the railway company between his enclosed and improved lands and railways. Sections 5324 and 5325, R. S. 1894.

VOL. 12—44

With some hesitation, therefore, I concur in affirming the judgment of the trial court.

Filed June 11, 1895.

### DISSENTING OPINION.

GAVIN, J.—I am of opinion that since the act of 1885 directly and explicitly imposes upon the railroad company the duty of fencing its road at certain places, its failure to so do is negligence for which a common law right of action arises in favor of one injured thereby who is himself without contributory fault.

The statutory liability for animals killed is indeed limited to cases where the animals are injured by the cars or locomotives. By the act of 1885 the then existing laws as to the liability of such companies for such killings are not affected.

Until this act there was no duty or obligation resting upon railroad companies to fence. There was only a liability for certain resultant injuries if they failed to fence. There was no question of negligence or contributory negligence. It may be conceded that by the later enactment no additional statutory liability is created, but the statute creates an imperative duty, and the application of common law principles adds the liability which before did not exist, because there was no common law duty.

That there might be a common law liability where there was a violation of duty, is recognized in *Ft. Wayne, etc., R. R. Co.* v. *O'Keefe,* 4 Ind. App. 249.

The cases of *Graham* v. *Delaware, etc., R. W. Co.,* 46 Hun, 386, and *French* v. *Western, etc., R. W. Co.,* 72 Hun, 469, are, it seems to me, directly in point.

The subject under consideration in *Jeffersonville, etc., R. R. Co.* v. *Dunlap,* 112 Ind. 93, was the statutory

liability, and, in my judgment, the statements of the learned judge should be limited to the matter in hand.

LOTZ, J., concurs in this opinion.

