EARL v. ST. LOUIS, IRON MOUNTAIN AND SOUTHERN RAILWAY
COMPANY.

Opinion delivered December 9, 1907.

1. LIMITATION—INJURY BY RAILWAY TRAIN—FRIGHT.—Kirby's Digest, §
6776, providing that an action for the killing or wounding of stock by
railroad trains shall be brought "within twelve months after the
killing or wounding occurred," relates only to injuries caused by
actual contact or collision with railroad trains, and not to injuries
to stock resulting from fright caused by the running of a train.
(Page 508.)

2. RAILROAD—INJURY TO STOCK—LIABILITY.—Injuries to stock may occur,
without contact or collision with running trains, as by fright, of
which the proximate cause may be the negligence of the railway
company in the running of its trains, in which case there would be a
right to recover damages, but not under Kirby's Digest, § 6776.
(Page 510.)

Appeal from Conway Circuit Court; *J. H. Basham,* Judge
reversed.

*W. P. Strait,* for appellant.

Kirby's Digest § 6776, applies only to injuries from *running*
trains. This was settled in 70 Ark. 481. The action was
not barred. 14 L. R. A. 841.

*Oscar L. Miles,* for appellee.

BATTLE, J. This action was commenced on the 18th day of
September, 1906. Plaintiff in his complaint alleged as follows:
"That on or about the 15th day of April, 1905, the exact date and
hour of the day being to this plaintiff unknown, and therefore can-
not be alleged, and at a point about two miles east of Morrilton,
on the Plummerville and Morrilton road, where the same ap-
proaches near and in close proximity and parallel to the said
defendant's railroad track and right of way and at a point upon
said wagon road where the plaintiff had a right to be and to
have his team, and while he was driving along said road at
said point in pursuance to this right, the said defendant com-
pany, by its agents and employees, on a west-bound train the
exact number and character of which is unknown to plaintiff
except that same was a 'pay train,' and at a time when they
knew, or were in possession of such facts as would inform a
reasonable person, of the danger occasioned thereby and of the
probable injury to said team, did negligently and willfully, and

as this plaintiff believes and therefore alleges, for the purpose of frightening and scaring said team and causing it to do injury to itself, deliberately and purposely commenced to permit steam to escape from its engine and sound its whistle, by which negligent permitting of said steam to escape and sounding of whistle, the said team of horses, the property of plaintiff, became frightened and scared; and that, after said defendant company saw, or could have seen, this condition, and at a time when they were not required by law to make any alarm and were not approaching any crossing, continued to purposely and negligently sound said whistle and permit said steam to escape long after they had passed said plaintiff's team, by reason of which the said horses were so frightened as to cause them to rear, plunge and attempt to run away, by reason of which they were entangled in their harness, one of which was thrown to the ground and received, by reason of said fright, plunging and falling, serious wounds and injuries, all of which was the proximate and direct effect of the negligent and willful sounding of said whistle and escaping of said steam, to the plaintiff's injury and damage in the sum of one hundred and seventy five ($175) dollars."

The defendant, St. Louis, Iron Mountain and Southern Railway Company, in part answered as follows: "2. For further answer, the defendant says that, if plaintiff's horse was injured at the time and place alleged, it was an injury from the running of trains alleged; and such injury occurred more than twelve months before the filing of the suit or the bringing of the action, and, therefore, this suit is barred by the statute of limitation, which defendant proves as a defense to plaintiff's alleged cause of action."

To this paragraph of the answer plaintiff demurred, which demurrer the court overruled. To this ruling of the court the plaintiff excepted; and, electing to stand upon his demurrer, judgment was rendered in favor of the defendant, and plaintiff appealed.

The answer was based and sustained upon the following statute:

"Any person who owns stock, as aforesaid, in his own right, or who has a special ownership therein, having any such horses, mules, cattle or other stock killed or wounded by any railroad

trains running in this State, may sue the company running such trains for the damages sustained by the killing or wounding, in any court, having jurisdiction of the damages, in the county where the killing or wounding occurred, at any time within twelve months after the killing or wounding occurred, and recover such damages as the court or jury trying the case may assess." Kirby's Digest, § 6776.

A statute of Texas provides: "Each and every railroad company shall be liable to the owner for the value of all stock *killed or injured by the locomotives and cars of such railroad company* in running over their respective railways, which may be recovered by suit before any court having competent jurisdiction of the amount. If the railroad company fence in their road, they shall only then be liable in case of injury resulting from ordinary care." In construing this statute in *International & Gt. N. Rd. Company* v. *Hughes,* 68 Texas, 290, Mr. Justice Stayton, in delivering the opinion of the court, said: "This statutory liability is based on an injury caused by locomotives and cars. It certainly was never intended that such a liability should exist, even in case of contact between a locomotive or car and an animal, if the contact was by the movements of the animal while the engine or car was stationary, and, to make clear the manner in which the injury must be caused by the locomotive or car, the statute declares that it must be incurred in *running over their respective railways.* This involves the idea of contact between a running engine or car and the animal, and not an injury resulting in some indirect manner from the operation of a railway."

In construing the Texas statute he refers to similar statutes of Indiana, Missouri, and Illinois and the construction placed upon them by the courts. The statute of Indiana provides "That whenever any animal shall be killed or injured by the cars or locomotives or other carriages used on any railroad in this State, the owner thereof may sue the railroad company before a justice of the peace. "Under this statute," he says, "it has been steadily held that a railroad company was not liable for an injury which resulted from an act of the injured animal caused by fright induced by the cars, and not from actual contact between the car, locomotive or other carriage of

the railway, and the animal." *Peru & Ind. Rd.* v. *Hasket,* 10 Ind. 409; *Louisville, N. A. & C. Ry. Co.* v. *Smith,* 58 Ind. 575.

Missouri has a statute similar to the Texas statute. Under it the courts have held that a "direct or actual collision was contemplated; that when the agents of the road ran the locomotives or cars against any animal, and thereby injured it, or in any other manner it was hurt by actual contact or touch, then the company would be responsible for the penalty; otherwise not." *Lafferty* v. *Hannibal & St. Jo Rd. Co.,* 44 Mo. 291; *Croy* v. *Louisville, N. A. & C. Ry. Co.,* 19 Am. & Eng. Railroad Cases, 608.

A statute of Illinois provides, when the fences it requires to be erected by railroad corporations are not made as therein required, or when such fences are not kept in good repair, such railroad corporations shall be liable for all damages which may be done by the "agents, engines or cars" of such corporations, to cattle, horses, or other stock. It has been held that the railroad company is liable under the statute only for injuries done by the "agents, engines or cars" of the company, " and not merely caused by the act of the animal induced by fright caused by a train"—the injury must be caused by actual collision. *Schertz* v. *Indianapolis, B. & W. Ry. Co.,* 107 Ill. 577, s. c. 15 Am. & Eng. R. Cases, 523.

Construing section 6776 of Kirby's Digest according to the authorities cited, the killing and wounding therein referred to are only such as are caused by an actual contact or collision with railroad trains running in this State, and not by fright caused by a train. This we hold to be the correct construction of the statutes. But we do not mean to say that in no case can damages be recovered for injuries to animals caused by trains where there is no collision. Injuries to animals may occur without contact or collision with running trains, of which the proximate cause may be the negligence of the railway company or its employees, in which cases there would be a right to recover damages, but not under the statute.

The judgment of the court is reversed, and the cause is remanded with direction to the court to sustain the demurrer and for further proceedings.