LEARY v. CLEVELAND, CINCINNATI, CHICAGO AND
ST. LOUIS RAILWAY COMPANY.

[No. 9,896. Filed June 24, 1919. Rehearing denied October 16,
1919. Transfer denied December 1, 1920.]

1. RAILROADS.—*Duty to Fence Tracks.*—*Common Law.*—At common law railroads were not required to fence their tracks. p. 283.

2. RAILROADS.—*Duty to Fence Tracks.*—*Statute.*—*Injury to Animals.*—*Complaint.*—*Sufficiency.*— In an abutting landowner's action against a railroad company, a complaint alleging that defendant, in violation of §5447 Burns 1914, Acts 1885 p. 224, negligently failed to fence its right of way, and that plaintiff's bull wandered° on and over defendant's tracks and onto an adjacent right of way of another company, where the animal was killed, fails to state a cause of action, either under the statute or at common law, though the failure to fence is negligence *per se.* p. 283.

From Hancock Circuit Court; *Earl Sample,* Judge.

Action by Thomas B. Leary against the Cleveland, Cincinnati, Chicago and St. Louis Railway Company. From a judgment for defendant, the plaintiff appeals. *Affirmed.*

*Charles L. Tindall,* for appellant.

*Cook & Walker, Frank L. Littleton* and *Charles P. Stewart,* for appellee.

BATMAN, C. J.—This is an action by appellant against appellee for damages on account of the killing of an animal belonging to the former. The complaint is in a single paragraph, and alleges in substance, among other things, that appellee is a corporation and the owner and operator of a railroad through Hancock county in this state; that appellant is the owner of certain farm lands abutting on the north side of its right of way in said county; that in October, 1915, appellant was lawfully pasturing a bull on his said land, so abutting on said right of way; that, at said time and for

more than six months prior thereto, appellee had negligently failed and refused to maintain a fence between its said right of way and the land of appellant on which his said animal was pasturing, sufficient to restrain and turn cattle; that on October —, 1915, said bull, by reason of the failure of appellee to maintain said fence as aforesaid, escaped from appellant's land through said defective fence and entered upon and crossed over appellee's right of way onto the right of way of the Union Traction Company, lying adjacent to and running parallel with appellee's said right of way on the south, where it was struck and killed by an electric car, then and there operated by said traction company; that said traction company had, for more than a year prior thereto, controlled and operated an interurban electric railway, paralleling the right of way of appellee through said county, and had operated cars thereon at a rapid speed, as appellee well knew; that appellee on said date, and for a long time prior thereto, knew that said fence was insufficient as aforesaid, and that appellant's cattle might and could escape through the same because of its defective condition, and enter upon appellee's right of way, and that of said traction company lying adjacent thereto on the south, and that said cattle in so doing would be in danger of being killed by the trains and cars being operated on said railways; that there was no fence between the right of way of appellee and that of said traction company, and appellee well knew that, if it failed to maintain its said fence between its right of way and appellant's said land, his stock could, by reason of said defective fence, escape and readily enter upon the right of way of said traction company, where it operated electric cars at a high rate of speed, at intervals of less than one hour; that said bull was killed solely because of the negligence of appellee in failing to maintain said fence, and without any fault or negligence on

the part of appellant; that said animal was of the fair and reasonable value of $100, for which judgment was demanded.   To this complaint appellee filed a demurrer for want of facts, with a memorandum stating wherein it was insufficient.   This demurrer was sustained and, appellant refusing to plead further, it was adjudged that he take nothing by his complaint, and that appellee recover its costs.   From this judgment appellant has appealed and has assigned the action of the court in sustaining appellee's demurrer to his complaint as the sole error on which he relies for reversal.

It will be observed that the complaint in this action is based solely on the alleged failure of appellee to maintain a sufficient fence between its right of way and appellant's land abutting thereon.   At common law railroad companies were not required to fence their tracks, and where the owner of animals permitted them to run at large in the vicinity of a railroad track, in the absence of an order from the board of commissioners permitting the same, he was guilty of such negligence as would prevent him from recovering, if any such animals strayed upon the track and were killed or injured, unless such killing or injury was wilful.   *Fort Wayne, etc., R. Co.* v. *O'Keefe* (1891), 4 Ind. App. 249, 30 N. E. 916, and authorities there cited.   In 1863 a statute was enacted making railroad companies operating railroads into or through this state liable for stock killed or injured by the locomotives, cars, or other carriages run on such road, but providing that such act shall not apply to any railroad securely fenced in, if such fence be properly maintained by such company.   §§5436, 5442 Burns 1914, §§4025, 4031 R. S. 1881.   Under this statute the fencing of railroad tracks was optional with the owners and operators, but in 1885 a statute was enacted which made such fencing compulsory.   This statute provides

in substance, among other things, that any railroad corporation running or operating a railroad into or through this state shall construct and maintain fences on both sides of its railroad, except at certain designated places, sufficient and suitable to turn and prevent cattle and other stock from getting on such road; and that when such fences are not so made, or when the same are not kept in repair, such railroad corporation shall be liable for all damages which may be done by its agents, employes, engineers, or cars to any cattle or other stock thereon. §5447 Burns 1914, Acts 1885 p. 224. It will be observed that the complaint in this case not only fails to show that the animal in question was killed on the track or right of way of appellee, or by any of its agents, employes, engineers, locomotives, cars, or other carriages, but expressly alleges that it was killed on the right of way of the Union Traction Company by an electric car then and there operated by it over its own road. It thus appears that the complaint is clearly insufficient to state a statutory cause of action against appellee. *Hocking Valley R. Co.* v. *Phillips* (1910), 81 Ohio 453, 91 N. E. 118, 29 L. R. A. (N. S.) 573; *Frisch* v. *Chicago, etc., R. Co.* (1905), 95 Minn. 398, 104 N. W. 228; *Bear* v. *Chicago, etc., R. Co.* (1905), 141 Fed. 25, 72 C. C. A. 513. But appellant insists that the failure to maintain the fence in question being a violation of §5447, *supra,* is negligence *per se,* and gives him a right of action at common law; that in such an action he is not limited by the restrictions of the statute with reference to the recovery of damages for injury to stock, but may recover any damage thereto resulting proximately from such violation, regardless of the manner in which, and place at which such injury occurs. We cannot agree with this contention. The enactment of said §5447, *supra,* imposed a duty on railroads, with reference to fencing their tracks, which was wholly un-

known to the common law. The legislature had the power to determine what liability, if any, would be incurred by a railroad company that failed to discharge this new duty, and it exercised that power as indicated above. A breach of this duty is negligence *per se*, as appellant contends, but it is statutory negligence and not common-law negligence. In proper cases it affords an adjacent landowner a basis for a statutory liability, but not for a common-law liability, as a failure on the part of the railroad company to fence its tracks is not the breach of a common-law duty which it owes to such landowner, or the infringement of a right given him by the common law. We conclude that the complaint does not state a cause of action either under the statute or at common law, and hence the court did not err in sustaining a demurrer thereto.

Appellant has called our attention to the case of *Pickett* v. *Toledo, etc., R. Co.* (1916), 61 Ind. App. 26, 111 N. E. 434, wherein it is held that, where the right of ways of two railroad companies lie adjacent and run parallel, there is no statutory duty resting upon such companies to maintain a fence between their respective right of ways. He insists that the conclusion we have reached in this case, in view of that decision, will have the effect of depriving the owners of stock of redress where such stock is injured under the circumstances alleged in the complaint in this case. Such a result, however, does not necessarily follow, as the question of the liability of the Union Traction Company for injury to stock, under the circumstances alleged in the complaint, is still an open one in this state, as far as we have been able to discover. Authority may be found for holding that the fence constructed by appellee between its right of way and appellant's land should be treated as the fence of the traction company within the provision of the statute. *Davison* v. *Delaware, etc., R.*

*Co.* (1909), 134 App. Div. 872, 119 N. Y. Supp. 369. If so treated, it would appear that said traction company should be liable for stock which had passed through such fence by reason of its defective condition, and was killed on the tracks of said company by its cars. However, we do not presume to pass upon that question, as it is not before us, but have been led to make the suggestion stated, in view of appellant's contention as to the effect of the decision in the case of *Pickett* v. *Toledo, etc., R. Co., supra.*

We find no error in the record. Judgment affirmed.