SAMUEL S. GILLAM *vs.* SIOUX CITY & ST. PAUL RAILROAD
COMPANY.

November 26, 1879.

**Railroad Companies—Statutory Duty to Fence.**—Laws 1879, *c.* 73, amending
Laws 1876, *c.* 24, § 4, (Gen. St. 1878, *c.* 34, § 57,) makes the obligation to
construct fences, etc., provided by section 1 of said chapter 24, applica-
ble to all railroad companies in the state.

**Same—Police Power of State not limited by Charter of Defendant.**—Regulating
the construction and maintenance, by railroad companies, of fences and
cattle-guards at and along their track, is the exercise of the police power
of the state. If, in any case, the legislature may bind the state not to
exercise this power, an intention so to do cannot be implied, but must
appear in express and unmistakable terms. A clause in a railroad charter
providing what fences and other structures required for protection of
life and property the company shall maintain, and when it shall provide
them, is not sufficient to conclude the state from a future exercise of the
police power.

**Same—Cattle Injured while Trespassing.**—To an action against a railroad
company for cattle injured on the track, they having gone upon the
track in consequence of its failure to construct fences, it is not a defence
that the cattle were trespassers upon the land from which they passed,
for want of a fence, to the track.

Plaintiff brought this action in the district court for Cotton-
wood and Murray counties, to recover damages for a cow run
over and killed by a train on defendant's railway. At the
trial, before *Dickinson, J.*, it appeared that the cow had
strayed from plaintiff's land upon a section of land belonging
to the defendant, and thence upon the track, which was not
fenced. No fault in the manner of running the train was
imputed to defendant, the only negligence charged being the
failure of defendant to fence its railroad, as required by Laws
1876, *c.* 24, §§ 1–3, and Laws 1877, *c.* 73, § 1, (Gen. St. 1878,
*c.* 34, §§ 54–57,) the provisions of which are stated in the
opinion. The verdict was for plaintiff, a new trial was
denied, and defendant appealed.

*E. C. Palmer,* for appellant.

*A. D. Perkins,* for respondent

GILFILLAN, C. J.   Laws 1876, c. 24, § 1, (Gen. St. 1878, c. 34, § 54,) provides that all railroad companies in this state shall, within six months after the passage of the act, build good and sufficient cattle-guards at all wagon-crossings, and good and substantial fences on each side of their roads.   Section 2 (Id. § 55) in terms makes railroad companies liable for domestic animals killed or injured by their negligence, and declares a failure to build and maintain cattle-guards and fences, as in the act provided, an act of negligence.   Section 3 (Id. § 56) regulates the recovery of costs for a neglect to pay damages for killing or injuring domestic animals.   Section 4 provided that "any company or corporation owning and operating a line of railroad within this state, and which company or corporation has failed and neglected to fence said road, and to erect crossings and maintain cattle-guards as required by the terms of its charter and the amendments thereof, shall hereafter be liable, in case of litigation, for treble the amount of damages suffered by any person in consequence of such neglect, to be recovered in a civil action; or actual damages if paid within ten days after notice of such damages."

This act was a re-enactment of Laws 1872, c. 25.   The language of sections 1, 2 and 3 was broad enough to include all railroad companies in the state, and to impose on all the same duty to construct fences and cattle-guards, and the same liabilities for neglect of such duty.   But section 4 referred to a certain class of companies, to wit, those whose charter contained requirements to construct fences and cattle-guards, and as to that class of companies prescribed other liabilities for failure to comply with their charters than are provided, by sections 1, 2 and 3, for the companies contemplated by those sections.   By reason of these peculiar features of section 4 in the act of 1872, this court, in Devine v. St. Paul & Sioux City R. Co., 22 Minn. 8, held that the act related to two classes of companies—those upon whom there was no charter obligation to fence, as to which companies it created the duty to fence, and defined the liability; and those

whose charters imposed the duty, as to which companies the act, leaving the duty as imposed by the charters, merely pre-. scribed the liability incurred by a breach of such duty.

By Laws 1877, *c.* 73, (Gen. St. 1878, *c.* 34, § 57,) section 4 of the act of 1876 was amended so as to read: "Any company or corporation operating a line of railroad in this state, and which company or corporation has failed or neglected to fence said road, and to erect crossings and cattle-guards, and maintain such fences, crossings and cattle-guards, shall hereafter be liable for all damages sustained by any person in consequence of such failure or neglect." As the act now stands there is nothing in it to indicate that any class of companies is exempt from any of its provisions. The omission from the amended section of those matters from which alone an intention to exempt certain companies from the operation of sections 1, 2 and 3 appeared, shows that the legislature intended to abolish the distinction between the two classes of companies made by the original act, and to subject all companies, without regard to the provisions of their charters, to the same duties and liabilities in the matter of maintaining fences, cattle-guards, etc. The case, therefore, depends on the act of 1876, as amended in 1877.

Regulating the construction and maintenance by railroad companies of fences and cattle-guards, at and along their railroads, is the exercise of the police power of the state. If, in any case, the legislature may bind the state not to exercise this power, an intention so to do cannot be implied, but must appear in express and unmistakable terms. *Winona & St. Peter R. Co.* v. *Waldron*, 11 Minn. 392 (515.) A clause in a railroad charter providing what fences and other structures required for the protection of life and property the company shall maintain, and when it shall provide them, is not of itself sufficient to conclude the state from any future exercise of the police power. The charter of defendant did not go further than this.

There is nothing in the case from which it can be held that

there was negligence on the part of the plaintiff, sufficient to withhold the case from the jury. It is true, the cow appears to have strayed from plaintiff's land to the adjoining section belonging to defendant, and thence passed to the track where she was injured, and that she was unlawfully on the defendant's land, from which she passed to the track. If the liability of defendant depended on the rules of the common law, under these circumstances, there having been no negligence in running the train, the plaintiff could not recover. But the liability is defined by the statute. Of the cases that consider statutes of this kind, we think those are decided upon the better reason which hold that such statutes are police regulations, designed for the protection of all, and not merely rules for constructing division fences between adjoining owners, for neglect of which only an adjoining owner may complain. See *Corwin* v. *New York & Erie R. Co.,* 13 N. Y. 42; *Shepard* v. *Buffalo, New York & Erie R. Co.,* 35 N. Y. 641; *Browne* v. *Providence, Hartford, etc., R. Co.,* 12 Gray, 55; *Indianapolis & Cincinnati R. Co.* v. *Townsend,* 10 Ind. 38; *Spence* v. *Chicago & Northwestern Ry. Co.,* 25 Iowa, 139; *Stewart* v. *Burlington & M. R. Co.,* 32 Iowa, 561. Any person sustaining damage in consequence of a violation by the company of the regulation may recover.

Order affirmed.