ST. LOUIS SOUTHWESTERN RAILWAY COMPANY *v.* FORD.

Opinion delivered March 5, 1898.

DAMAGES—FIRE.—If a railway company negligently suffers a fire to escape from its right of way, it is liable for the resulting damages, regardless of how the fire was started, whether negligent or otherwise.    (Page 97.)

Appeal from Poinsett Circuit Court.

FELIX G. TAYLOR, Judge.

*Samuel H. West* and *J. C. Hawthorne*, for appellant.

The section men were not acting within the scope of their employment when they kindled the fire. Hence the railway company is not liable for resulting damages. 15 Am. & Eng. R. Cas. 135; 19 O. St. 110; Thompson, Negligence, 885, 886; Cooley, Torts, 133, *et seq.;* 38 Ark. 357; 40 Ark. 298; 59 Ark. 395.

*E. L. Westbrooke* and *N. F. Lamb,* for appellant.

A railway company may be rendered liable, in cases where damage results from fire, in any one of three ways: (1) by negligence in starting the fire; (2) by negligence in permitting combustible material to accumulate upon the right of way; and, (3), *by carelessly permitting fire to spread from the right of way.* 10 N. E. 577; 40 S. W. 438; 3 Elliott, Railroads, § 1229.

HUGHES, J.    The appellee recovered a judgment against the appellant for damages done the property of appellee by fire, which appellee alleged in his complaint was kindled on the appellant's right of way by its servants, and negligently permitted to spread to and damage the farm of the plaintiff adjoining the right of way. The proof was that the servants of the appellant at work on the right of way of the railway company at about the hour of noon on the 14th of November, 1894, kindled a fire to warm their coffee, and left the fire burning in a pile of old railroad ties till noon of November 15, 1894, without any attempt to extinguish it, and that the fire spread to and damaged the farm of the appellee.

The only contention of appellant is that the servants of the railway company in setting the fire were not acting within the scope of their authority, and that there is no evidence showing that it was their duty to care for the right of way. If this contention be admitted to be correct, it does not follow that the railway company is therefore not liable. Though the fire was started by some one for whose acts the railway company was not responsible, yet if the company negligently permitted the fire to spread from its right of way to the adjoining farm of the appellee, and damage it, and the appellee

was free from contributory negligence, the railway company is liable.

In 3 Elliott, Railroads, § 1229, it is said: "The correct rule, and that held and declared by the weight of authority, is that if a company negligently suffers a fire to escape, it is liable, independently of how the fire was started, whether negligently or otherwise." Affirmed.

BUNN, C. J., not participating.