CLARK v. KANSAS CITY, FT. S. & M. R. CO.

(Circuit Court of Appeals, Sixth Circuit. May 5, 1904.)

No. 1,247.

1. RAILROADS—FIRES—STATUTES—APPLICATION.
   Sand. & H. Dig. Ark. § 7362, providing that any person who shall set on fire any grass or other combustible material within his inclosures, so as to damage any other person, shall make satisfaction in single damages to the party injured, etc., has no application to an action for the destruction of a warehouse near a railroad right of way from fire set out by members of a track crew on the right of way.

2. SAME—FEDERAL COURTS—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.
   In the federal courts the burden of proof of plaintiff's contributory negligence, alleged as a defense, is on the defendant.

3. SAME—EVIDENCE.
   Plaintiff owned a warehouse near a railroad right of way, constructed of planks, with an iron roof, and inclosed by a picket fence. On a certain Sunday, certain track crews living in "camp cars," and stationed near the warehouse, maintained fires on the right of way during the day for the purpose of washing their clothes; and during the forenoon plaintiff's agent called the attention of defendant's station agent to the fires, and the danger to plaintiff's property. One of the fires was within 40 feet of the warehouse, and another about 140 feet away, with the wind blowing in the direction of the warehouse at a velocity of 15 miles per hour. After the warehouse and fence had been closed and locked for the night, the building was set on fire by sparks and destroyed. *Held*, that plaintiff was not guilty of contributory negligence, as a matter of law, precluding him from recovering against the railroad company.

In Error to the Circuit Court of the United States for the Western District of Tennessee.

This action was brought in the state circuit court of Shelby county, Tenn., and removed into the Circuit Court of the United States for the Western District of Tennessee. The object of the suit was to recover damages for the destruction by fire of the cotton seed house or warehouse of plaintiff in error, situated on land adjoining the right of way of defendant in error at the station and village of Clarketon, Ark. The fire occurred about 11 o'clock p. m. Sunday night, January 13, 1901, resulting in total destruction of the warehouse and its contents, it being at the time full of cotton seed. The action proceeded upon the ground that the building was set on fire by sparks negligently suffered to escape from fires started and in use on the right of way of defendant in error during the day time of January 13, 1901.

The facts which the evidence established and tended to show need only be given briefly: A gang or crew of railroad hands in the service of defendant in error, while remaining during Sunday on a side track at said station in "camp cars," built and started fires on the right of way of the company for the purpose of washing their clothes, and maintained the fires during the day. The warehouse was constructed of plank, with an iron roof, and inclosed by a picket fence, and the doors or gates to the house and picket fence were closed and locked on Sunday night, at the time the building was set on fire. In process of time, as a result of seasoning and shrinkage, small cracks were left between the edges of the planks, through which flying sparks might pass and come in contact with the contents of the building. One of these fires was as close as 40 feet to the house, while another was about 140 feet away. The wind was from the southwest, and in the direction of the warehouse from the fires, and blowing with a velocity of 15 miles an hour. There had been no fire in the warehouse or on the plaintiff's premises during the day. During the forenoon of Sunday, agents of the plaintiff called the attention of the station agent and also the timekeeper of the gang to the fact of the fires, and the danger to plaintiff's property in consequence of the escaping sparks.

The defendant's evidence only tended to show that the fires were not so large and the velocity of the wind not so great as stated by witnesses for plaintiff, and that the wind was not constantly in the direction of the warehouse. The station agent, Slagle, denies any recollection of his attention being directed to the fires and the danger by either Madden or Willard, the agents of plaintiff in error. Besides this, there was nothing material in the evidence, so far as it is now important. No precautionary action was taken by either party to guard against the danger in relation to the fires, or the protection of the building, beyond what we have stated.

At the conclusion of the whole of the evidence the court, on defendant's motion, directed a verdict in its favor, on which judgment was entered, and the case is brought here on error for review.

Carroll, McKellar, Bullington & Biggs, for plaintiff in error.
C. H. Trimble, for defendant in error.

Before LURTON and RICHARDS, Circuit Judges, and CLARK, District Judge.

CLARK, District Judge, after making the foregoing statement, delivered the opinion of the court.

The liability of the defendant, as determined under common-law rules, is supposed to be changed or affected by statute, as found in the Code of Arkansas (section 7362, Sand. & H. Dig.), which is as follows:

"If any person shall set on fire any grass or other combustible material within his enclosures, so as to damage any other person, such person shall make satisfaction in single damages to the party injured, to be recovered by civil action in any court having jurisdiction of the amount sued for; but if such person shall, before setting out the fire, notify these persons whose farms are adjoining said place which he proposes to burn, that he is going to fire such grass or other combustible matter, and shall use all due caution to prevent such fire from getting out, to the injury of any other person, he shall not be liable to pay damages, as provided in this section."

It is quite clear, we think, that the statute is not applicable to a case like the one with which we are here dealing, and that the subject of this enactment may be dismissed, as the case is controlled in its result entirely by common-law principles.

It is said in brief, and was stated in the argument at bar, that the learned judge in the court below withdrew the case from the jury under the view that the contributory negligence of the plaintiff's agents was so conclusively shown as to require that this issue should be treated as one of law, by peremptory instruction. We conclude that this was error, on the facts disclosed in the record. It could hardly be doubted, on this record, that the timekeeper and station agent were both notified of the fires and the danger apprehended for the distinct purpose of causing some precaution to be taken. This was at the hour of 9 or 10 o'clock a. m. Sunday, and the fire occurred, as stated, about 11 o'clock at night. After thus giving notice, what further act or duty were the plaintiff's agents required to do? It is suggested that they should have gone on the premises of defendant and extinguished the fire, but such a course of action would or might have brought on difficulty with the gang who were using the fires. It is evident some difficulty would be experienced in pointing out just such specific affirmative action as was called

for, beyond what was done, in order to exonerate plaintiff's agents from the charge of contributory negligence. It is not controverted, and could not be, that, apart from the origin of these fires and any liability in that regard, whenever the fires became a known fact and a condition on the premises of the defendant, it was at once charged by law with the obligation to exercise reasonable care and caution to prevent damage to adjacent property liable to be ignited by escaping sparks. In support of this proposition the cases of St. Louis Southwestern R. R. Co. v. Ford, 65 Ark. 96, 45 S. W. 55, and Ball v. Grand Trunk R. Co., 16 U. C. C. P. 252, may be referred to as in point. See, also, the cases of St. Louis & San Francisco Ry. v. Mathews, 165 U. S. 5, 17 Sup. Ct. 243, 41 L. Ed. 611; Milwaukee, etc., Railway Co. v. Kellogg, 94 U. S. 469, 24 L. Ed. 256; and 13 A. & E. Encycl. of L. (2d Ed.) p. 464, and cases collated.

In determining the questions of negligence and contributory negligence, the jury would necessarily consider distance, the character of the exposure to the fires, the hour of night, the direction and velocity of the wind, the condition of the weather as to dryness or moisture, and as being clear or cloudy. In short, every fact and circumstance constituting the entire situation would be given due and proper attention. An important matter for consideration would be the precautions which either party could have easily or conveniently adopted to guard against the apparent danger. A duty rested on each party to exercise proper care. Such means and methods as were readily and practically available to the agents of each party should have been adopted, to the extent of exercising reasonable care and prudence. Such precautions as a reasonably prudent man would be expected to take under the given circumstances would be the measure of care required by law. These precautions should have been taken by the defendant, in the first instance, to prevent the emission of sparks liable to set on fire buildings situated close by; and, in the second place, like care should have been exercised by plaintiff to prevent the building from being ignited. Neither party was required to resort to unreasonable or extremely difficult measures of precaution. The plaintiff was not required to adopt unreasonable methods of extreme difficulty to guard against a danger negligently set up and maintained by the defendant on its own premises.

We are clear that, in view of all the facts and circumstances, the danger was not so threatening and immediate as to require the court to treat the alleged contributory negligence of the plaintiff as plainly evident, and as a question of law. On the contrary, we think negligence and contributory negligence were both issues of fact which the court should have submitted to the jury for determination. Dunlap v. Northeastern Railroad Co., 130 U. S. 649, 9 Sup. Ct. 647, 32 L. Ed. 1058; Mexican Cent. Ry. Co. v. Murray, 102 Fed. 264, 42 C. C. A. 334; Delaware, etc., Railroad v. Converse, 139 U. S. 469, 11 Sup. Ct. 569, 35 L. Ed. 213; Richmond & Danville Railroad v. Powers, 149 U. S. 43, 13 Sup. Ct. 748, 37 L. Ed. 642; Choctaw, Oklahoma, etc., R. R. Co. v. McDade, 191 U. S. 64, 24 Sup. Ct. 24, 48 L. Ed. ——.

The burden of proof was, of course, upon the defendant to establish the fact of the plaintiff's contributory negligence, as in other

cases.  Strawboard Co. v. C. & A. R. R. Co., 177 Ill. 513, 53 N. E. 97; Northern Pac. R. Co. v. Lewis, 51 Fed. 658, 2 C. C. A. 446.

The judgment is accordingly reversed, and the case remanded, with directions to set aside the verdict and award a new trial.