JOHN FRISCH v. CHICAGO GREAT WESTERN RAILWAY COMPANY.[1]

July 14, 1905.

Nos. 14,023—(3).

**Railroad—Fence.**

The right of way of the defendant and that of another railroad company ran east and west, were parallel and adjoining with no fence between them ; that of the defendant being immediately north of that of the other company. The defendant had a fence on the north side of its way, and the other company on the south side of its way. The defendant left a gap in its fence, and the horse of the plaintiff passed through it, crossed its way, and went upon the track of the other company, where he was killed by its train. This is an action to recover from the defendant for the loss of the horse. *Held*:

1. Section 2695, G. S. 1894, has no application to actions for damages for loss of domestic animals by reason of the failure of a railroad company to fence its road, and that section 2693, G. S. 1894, exclusively refers to and controls such actions. which is limited in its operation to animals killed or injured on the right of way.

2. That the proximate cause of the death of the horse was the negligence of the other company in failing to fence its road.

Appeal by defendant from an order of the district court for Winona county, Snow, J., denying a motion for judgment notwithstanding the verdict or for a new trial. Reversed and judgment ordered for defendant.

*A. G. Briggs, T. P. McNamara* and *Thomas Simpson,* for appellant. *Fred C. Campbell* and *Henry M. Lamberton,* for respondent.

START, C. J.

This action was brought to recover damages for the loss of a horse which the complaint alleges was killed by reason of the failure of the defendant to fence its railroad. On the trial of the cause and at the close of the evidence the defendant requested the trial court to instruct the jury to return a verdict in its favor. This was denied, cause submitted to the jury, and a verdict returned for the plaintiff in the sum of

[1] Reported in 104 N. W. 228.

$650. The defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial.

While other errors are assigned by the defendant, all of them which are urged in its brief are included in the general proposition that the undisputed evidence shows as a matter of law that the defendant is not liable for the loss of the horse; or, in other words, that upon the whole evidence it was entitled to a directed verdict. This is the only question presented for our decision, for assignments of error not specifically urged in the brief are deemed waived.

There is no substantial dispute in the evidence, and the facts established by it are these: At the time the horse was killed, and for some years before, the defendant's right of way and that of the Chicago & Northwestern Railway Company, hereafter referred to as the "Northwestern Company," at a point three miles east of the city of St. Charles, in this state, were parallel, and adjoined each other; the defendant's right of way being on the north and that of the Northwestern Company immediately adjacent on the south. Each right of way was one hundred feet wide, with no fence between them. At a point where the rights of way are so parallel and adjacent there is a private road leading from the highway on the north to a private crossing extending over both ways and ending in the inclosed yard of Mr. Baker on the south. This crossing was planked between the rails of both companies, and for a considerable time had been left open without any fence, gate, bar, or other obstruction to prevent persons and domestic animals passing from the public highway on the north upon both rights of way. At the point where the ways of the two companies are parallel the Northwestern Company had no fence on the north side of its right of way, and the defendant had none on the south side of its way. The two ways were fenced, except as stated, by the Northwestern Company keeping up a fence on the south side of its right of way and the defendant keeping up one on the north of its right of way, leaving a strip of inclosed land two hundred feet in width. Each company, however, had exclusive possession and control of its own right of way. On the night of May 22, 1903, the horse was in a barn in St. Charles, which during the night was blown over, and the horse released. He then went east along the public highway north of the defendant's right of way until he came to the private crossing, along which he went upon

the defendant's right of way, there being at that point no fence, cattle guard, or obstruction. He then left the defendant's right of way and went upon that of the Northwestern Company, there being no fence between them. Thence he passed along the last-named right of way for a distance of some eighty rods, where he was struck and killed by a west-bound train of the Northwestern Company.

Upon these facts it is the contention of the defendant that it is not liable for the killing of the horse, for he was not killed upon its right of way, nor was its failure to fence the proximate cause of his death; and, further, that the Northwestern Company, whose right of way was not fenced on the north side thereof, is alone liable for the loss. On the other hand, the plaintiff claims that it is not material whether the other company be liable or not, for, in any event, the defendant is liable for the loss because neither side of its right of way was properly fenced, but, if they had been, the loss would not have occurred. Which party is right?

A solution of the question depends upon the construction to be given sections 2692–2695, G. S. 1894. At common law it was the duty of the owners of domestic animals to keep them upon their own premises. A railroad company by common law was not required to fence its right of way, and domestic animals coming thereon were trespassers, and, if killed or injured, the owner had no remedy unless the company failed to use ordinary care to avoid injuring them after they were discovered in a place of danger. The right of the plaintiff then to recover in this case depends upon the fencing statutes of the state we have referred to, the original of which is chapter 25, p. 79, Laws 1872. Section 1 thereof is section 2692, G. S. 1894, and provides that:

> All railroad companies in this state shall, within six months from and after the passage of this act, build or cause to be built good and sufficient cattle guards at all wagon crossings and good and substantial fences on each side of such road.

Section 2 thereof is section 2693, and provides that:

> All railroad companies shall be liable for domestic animals killed or injured by the negligence of such companies, and a failure to build and maintain cattle guards and fences, as above provided, shall be deemed an act of negligence on the part of such companies.

Section 3 thereof is section 2694, and provides for double costs if payment is delayed thirty days in actions to recover for injury or killing of domestic animals by railroads. Section 4 thereof provided for treble damages.

Chapter 25, p. 79, Laws 1872, was re-enacted by chapter 24, p. 40, Laws 1876, and by chapter 73, p. 114, Laws 1877. Section 4, providing for treble damages, was amended so as to read as follows:

> Any company or corporation operating a line of railroad in this state, and which company or corporation has failed or neglected to fence said road and to erect crossings and cattle guards and maintain such fences, crossings and cattle guards shall hereafter be liable for all damages sustained by any person in consequence of such failure or neglect.

This is the original of section 2695, G. S. 1894, which was re-enacted and amended by chapter 346, p. 612, Laws 1897, by adding a provision relating to damages sustained by owners of land abutting on an unfenced right of way. A proviso was also added to the effect that sections 2693 and 2694 should remain in full force, and the liability of railroad companies for stock therein and thereby imposed should be in no way changed, released, or modified.

It is clear from these several sections of the statute and their history that section 2693 deals exclusively with the liability of railroad companies for domestic animals killed or injured by their negligence in not fencing their roads, and specifically imposes a liability therefor. The section is complete within itself, no further legislation being necessary to make it effective. It was not until five years after the enactment of this section that section 2695 was enacted, which provides in general terms that a railroad company shall be liable for all damages sustained by any person by reason of its failure to fence its road. It is quite clear that this last section was not intended to give a cause of action for injuring or killing domestic animals, for such cause of action had already been given, with a provision for the recovery of double costs therein. The purpose of section 2695 was to provide for cases not included in section 2693.

In the case of Emmons v. Minneapolis & St. L. Ry. Co., 35 Minn. 503, 29 N. W. 202; 38 Minn. 215, 36 N. W. 340, affirmed in 149 U.

95 M.—26

S. 364, 13 Sup. Ct. 870, this section 2695 was construed, and it was held that it was intended to cover something more than cases of injuring or killing domestic animals, which was already provided for by section 2693, and that it gave a cause of action for damages sustained by an abutting landowner by reason of the failure of the railroad company to fence its right of way. And in Rosse v. St. Paul & D. Ry. Co., 68 Minn. 216, 71 N. W. 20, it was held that section 2695 gave a cause of action for the killing of a child that had strayed upon the unfenced road of the defendant, overruling on this point the case of Fitzgerald v. St. Paul, M. & M. Ry. Co., 29 Minn. 336, 13 N. W. 168.

But if there were any doubt whether sections 2693 and 2694 are now the exclusive statutes giving and regulating an action for killing or injuring domestic animals by neglect to fence railroads, it is set at rest by the proviso to the amendment of 1897 to section 2695 we have referred to. We therefore hold that section 2695 has no application to actions for damages for loss of domestic animals injured or killed by reason of the failure of a railroad company to fence its road, and that section 2693 exclusively refers to and controls such actions.

So far as we are advised, in every case where the question of the liability of railroad companies for injuring or killing domestic animals has arisen in this court, section 2693 has been treated as the statute imposing the liability and controlling the case. In the case of Gowan v. Minnesota Ry. Const. Co., 25 Minn. 328, the question was whether, under sections 2692 and 2693, the defendant was liable for damages done by domestic animals passing from its right of way, by reason of its failure to build fences, to the land of the plaintiff, and there doing damage; and it was held that it was not. The case of Nelson v. Chicago, M. & St. P. Ry. Co., 30 Minn. 74, 14 N. W. 360, was one in which the plaintiff sought to recover for the loss of a mule which got upon the defendant's unfenced right of way, stepped in a hole, and broke its leg. It was held that defendant was not liable, and the court, in construing section 2693, said: "It was neither the design nor the effect of the statute to make a railroad company liable absolutely for all injuries which would not have occurred had a fence been built, regardless of the fact whether such injury was the direct and natural, or only the remote and accidental, consequence of the absence of a fence, or whether the neglect to fence was merely the occasion, and not

the natural cause, of the injury. * * * The omission to build the fence must have been the cause, and not the mere occasion, of the injury."

It has been uniformly held by this court that the purpose of the statute we are here considering is to prevent domestic animals from getting upon railroad tracks, thereby endangering the safety of the traveling public, persons in charge of trains, and of the animals themselves, by requiring the roads to be inclosed by proper fences and cattle guards. Blais v. Minneapolis & St. L. Ry. Co., 34 Minn. 57, 59, 24 N. W. 558; Smith v. Minneapolis & St. L. Ry. Co., 37 Minn. 103, 33 N. W. 316. The language of section 2693 and the purpose of its enactment clearly indicate that the liability upon a railroad company for loss of domestic animals by a failure to fence its road is limited to animals killed or injured on its right of way. We so construe the section.

It follows that the defendant in this case is not liable for the loss of the horse for two reasons: The horse was not killed by the defendant, nor on its right of way; and, further, the failure of the defendant to fence its right of way was not the proximate cause of the death of the horse, which was due proximately to the failure of the Northwestern Company to fence its road on the north side thereof. It is true the defendant was negligent in not fencing its road, but such negligence was merely the occasion of the injury. On the other hand, the failure of the Northwestern Company to inclose its road with a fence resulted in the horse getting upon its tracks, where he was killed by its train. This was an independent intervening cause, from which the loss resulted; hence it was the proximate cause thereof.

We therefore hold that the defendant was entitled to judgment in its favor notwithstanding the verdict, and that the order denying its motion for such judgment must be reversed, and the cause remanded to the district court, with direction to grant the motion and cause judgment to be entered accordingly.

So ordered.