GEORGE W. TURRITTIN v. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY.[1]

July 14, 1905.

Nos. 14,309—(115).

**Negligence.**

In this—a personal injury—action it is *held*, that the evidence sustains the verdict, to the effect that the defendant was negligent as alleged in the complaint, that the deceased was not guilty of contributory negligence, and, further, that there was no reversible error in the instructions to the jury.

Action in the district court for Blue Earth county by plaintiff as administrator of the estate of John L. Turrittin, deceased, to recover

[1] Reported in 104 N. W. 225.

$1,990 for the death of intestate. The case was tried before Lorin Cray, J., and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

*Pierce Butler* and *Pfau & Pfau,* for appellant.

*H. L. & J. W. Schmitt,* for respondent.

START, C. J.

On August 13, 1902, the plaintiff's son and intestate, a young man twenty-two years of age, entered the employment of the defendant as a brakeman on its freight train running between Sioux City, Iowa, and Worthington, Minnesota. On October 11 following he was killed by being run over by the cars in defendant's yards at Le Mars, Iowa, while attempting to uncouple them. This action was brought to recover damages for his death by reason of the alleged negligence of the defendant.

The specific acts of negligence alleged in the complaint are that the defendant negligently permitted the automatic coupler on the car which was being switched at the time of the accident to become and remain defective, so that the pin and coupler could not be operated by the lever, making it necessary for the deceased to go between the cars and pull the pin by hand, and, further, that the split switch at the place where the car was to be switched was negligently constructed and defective, in that the movable rail thereof was not placed at the proper distance from the main rail, and had become worn and loose, so that the space between the rails was increased whenever the cars passed over them, thereby exposing the defendant's employees to the danger of being caught therein. The complaint also alleged that the deceased attempted to uncouple the car by using the lever, but was unable to do so, by reason of the defective condition of the coupler, and thereupon, as was his duty, and the usual practice in such cases, he went between the cars to pull the coupling pin by hand, and while so engaged his foot was caught and held between the rails of the split switch, and he was killed by the cars running over him. The statute of Iowa requiring all cars to be equipped with automatic couplers, so constructed as to

enable any person to couple or uncouple them without going between them, was pleaded in the complaint.

The answer admitted this statute, and that the deceased was killed at the time and place stated, but alleged that his death was the result of his own negligence, and not by reason of any fault or negligence of the defendant.

The first trial of the action resulted in a verdict for the plaintiff, which was set aside, and a new trial granted. The second trial also resulted in a verdict for the plaintiff, in the sum of $1,990, and the defendant appealed from an order denying its motion for judgment notwithstanding the verdict or for a new trial. The defendant, in its original brief, assigned thirty-four errors. It is unnecessary, however, to consider them in detail, for all of them meriting special consideration are included in the three general propositions urged in the defendant's supplemental brief and upon the oral argument of the case. They are, stated briefly and in general terms, that there is no evidence in the case of any negligence on the part of the defendant which caused the death of the deceased, that his contributory negligence is conclusively established by the evidence, and that the trial judge erred in his instructions to the jury.

1. It is practically conceded by the defendant, as it must be under the evidence, that the automatic coupler was defective, as claimed by the plaintiff; but it claims that such defect was not, and could not have been, the proximate cause of the accident. We are of the opinion that the defective coupler was a proximate cause of the death of the deceased. Campbell v. City of Stillwater, 32 Minn. 308, 20 N. W. 320.

The defendant also contends that there is no evidence that the split switch was out of order, but, if it was, there is no evidence that its defective condition caused or contributed to the accident. The evidence is sufficient to take the question of the alleged defect of the split switch to the jury. There is evidence tending to show that at least one of the bolts which tie the rails of the switch together was out at a point some ten or twelve feet from the split, and that the rail was loose, and further, the marks of a shoe which the evidence tends to show was the one worn by the deceased at the time of the accident, and which is an exhibit in the case, tend to show that his foot was

probably caught and held between the rails. If this were so, it was a fair question for the jury whether his foot could have been so caught and held if the switch had been in perfect condition. Upon a consideration of the whole evidence as to the alleged defect in the split switch, we hold that it was a question for the jury whether the switch was in fact defective, and whether such defect was a concurring, proximate cause of the accident. The evidence fairly sustains the verdict on each of these questions. ·

2. The question whether the deceased was not, under the evidence, guilty of contributory negligence, as a matter of law, is the serious and doubtful question in the case. It is not negligence per se, under any and all circumstances, for a railway brakeman to go between moving cars to uncouple them. Rifley v. Minneapolis & St. L. Ry. Co., 72 Minn. 469, 75 N. W. 704; Munch v. Great Northern Ry. Co., 75 Minn. 61, 77 N. W. 541; Chittick v. Minneapolis, St. P. & S. Ste. M. Ry. Co., 88 Minn. 11, 92 N. W. 462. But in this case it must be conceded, in view of the undisputed evidence, that a rule of the defendant forbade the going between moving cars to couple or uncouple them, and that the deceased had knowledge of this rule, and agreed to obey it. It is a general rule that disobedience of the rules of the employer by an employee, which results in his injury, is, as a matter of law, contributory negligence on his part, which will bar a recovery. Green v. Brainerd & N. M. Ry. Co., 85 Minn. 318, 88 N. W. 974; Nordquist v. Great Northern Ry. Co., 89 Minn. 485, 95 N. W. 322; Scott v. Eastern Ry. Co. of Minn., 90 Minn. 135, 95 N. W. 892.

The statute of Iowa and the act of Congress of March 2, 1893, c. 196, 27 St. 531 [3 U. S. Comp. St. 1901, 3174], requiring all cars to be equipped with automatic couplers, provide that no employee injured by the failure of the employer to comply with the law shall be deemed to have assumed the risk. It is quite clear that any contract on the part of an employee waiving the benefit of the statute would be contrary to public policy and void. It does not follow that the statute impairs the defense of actual contributory negligence on the part of the employee in the discharge of his duties. Denver & R. G. R. Co. v. Arrighi, 129 Fed. 347, 63 C. C. A. 649. It would, however, seem to be an open question whether the statute does not modify the rule

as to contributory negligence to the extent that, where the only negligence of the person injured consists in a failure to observe a rule he has agreed to obey, such failure would not be a defense. See Johnson v. Southern Pacific Co., 196 U. S. 1, 25 Sup. Ct. 158. We find it unnecessary to discuss or decide the question, for, upon the whole evidence, we are of the opinion that the question of the contributory negligence of the deceased was one of fact for the jury.

There is evidence tending in some degree to show that the deceased was without experience as a brakeman, except as acquired in his limited service with the defendant; that the car at the time of the accident was moving only some two miles an hour; that the rule in question was customarily disregarded, under circumstances from which notice to the defendant might be inferred; that, when the deceased attempted to uncouple the cars by using the automatic coupler, he then learned for the first time that it was defective and would not work; and that, in this emergency, he had reason to believe that it was necessary to act promptly, and go between the cars to uncouple them. In this connection, it is to be noted that the rule gave no directions as to what it was necessary and proper to do when the coupler would not work; nor has our attention been called to any evidence to show that the deceased had ever been instructed as to or knew the best and safest way of uncoupling cars when the automatic coupler failed to work. The preponderance of evidence upon several of the suggested matters—especially on the question whether the rule was customarily disregarded—was in favor of the defendant; but we hold that upon the evidence the defendant was not entitled to an instructed verdict in its favor, and that the only question here is whether it is entitled to a new trial. We have reached the conclusion that there is evidence to sustain the verdict, and that we would not be justified in granting a second new trial.

The trial court instructed the jury that:

> It is claimed by the plaintiff that, discovering at the moment that the coupler was out of order, Leroy Turrittin was required, in the ordinary and usual course of his employment, to go between the cars and pull the pin, and that he did so; that there was an emergency that required him to do so; and that, be-

cause of the defective coupler and defective switch, he was caught and killed.

This is urged as error, for the reason that it calls the attention of the jury to matters which are wholly unsupported by any evidence, and tends to mislead and confuse the jury. This part of the charge of the court, standing alone, is simply a statement of the claim of the plaintiff as to what occurred when the deceased discovered that the coupler was defective. It was followed by a statement of the claim of the defendant as to the same matter. The court then added:

What is true as to all these things are questions which demand your careful consideration.

Neither party took any exception to this statement of their respective claims on the trial. The defendant kept silent, and made no suggestion to the court that it was mistaken in assuming that there was evidence to support the claim of the plaintiff, and that for this reason the instruction was misleading and liable to confuse the jury. The objection and exception were made for the first time on the motion for judgment or a new trial. The attention of the court should have been called to the instruction at the close of the charge, if counsel deemed it misleading. Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754; Mountain v. Day, 91 Minn. 249, 97 N. W. 883. But this aside, there was, as we have suggested, some evidence tending to support the claim of the plaintiff. The giving of the instruction was not reversible error.

Order affirmed.