M. E. COE v. NORTHERN PACIFIC RAILWAY COMPANY.[1]

April 19, 1907.

Nos. 15,184—(46).

**Railroad Fence.**

The liability of a railroad company for failure to maintain its right-of-way fence in good repair is measured by the rules of ordinary care and prudence.

**Same.**

The obligation to construct the fence as required by statute is absolute; but, when once constructed in compliance with law, the company is only bound to the exercise of reasonable care in maintaining it.

**Evidence.**

Evidence *held* to support the verdict.

Action in the district court for Morrison county to recover $50 for the killing of plaintiff's cattle. The case was tried before Baxter, J.,

[1]Reported in 111 N. W. 651.

and a jury, which rendered a verdict in favor of plaintiff for the sum demanded. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, Dibell, J., defendant appealed. Affirmed.

*L. T. Chamberlain* and *C. A. Hart,* for appellant.

*Elmer A. Kling,* for respondent.

BROWN, J.

Action to recover the value of two cows, alleged to have been killed by one of defendant's trains as a result of its negligence in failing to maintain a good and sufficient right-of-way fence, by reason of which the cows strayed upon the right of way. Plaintiff had a verdict in the court below, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or for a new trial.

The only assignment of error requiring special mention is that which challenges the correctness of the charge to the jury on the subject of defendant's duty to maintain in good repair its right-of-way fence. It is urged that the court charged the jury, in effect, that the obligation of maintenance was an absolute one, a failure to perform which rendered defendant liable, without regard to whether it exercised reasonable care in the matter of inspection and repair or not. If this were the proper construction to be given the charge, it incorrectly stated the law to the jury.

The statute requiring railroads to fence their rights of way creates an absolute duty to comply therewith so far as concerns the construction of the fence. Nickolson v. Northern Pac. Ry. Co., 80 Minn. 508, 83 N. W. 454; Ellington v. Great Northern Ry. Co., 96 Minn. 176, 104 N. W. 827. But the unconditional obligation thus imposed does not extend to the repair of the fence when once constructed as required by law. The company in this respect is held only to the rule of ordinary care and prudence. It is bound to maintain the fence in good repair, but its liability for want of repair is governed by the ordinary rules of negligence. Varco v. Chicago, M. & St. P. Ry. Co., 30 Minn. 18, 13 N. W. 921.

This particular feature of the law was not specifically referred to in the instructions to which exception is now taken, but it is clear

that the court did not interid by the language used to inform the jury that the liability for failure to repair was absolute. The charge simply advised them that if the fence was out of repair, and plaintiff's cows passed through it, at the point where so out of repair, onto the right of way, defendant was liable. This was, abstractly, a correct statement of the law. It was incomplete, and should have been followed by appropriate reference to the rule of negligence upon which the right of recovery depended. But no exceptions were taken to the charge at the trial, or requests made for more specific directions upon the subject, and defendant is in no position to complain that the jury were not fully instructed upon the point. The rule of Steinbauer v. Stone, 85 Minn. 274, 88 N. W. 754, applies. Turrittin v. Chicago, St. P., M. & O. Ry. Co., 95 Minn. 408, 104 N. W. 225; Ellington v. Great Northern Ry. Co., 92 Minn. 470, 100 N. W. 218. The particular question was fully covered by the evidence, and no claim was made on the trial, so far as the record discloses, that the rule of ordinary care did not apply.

The other assignments of error do not call for discussion. The defendant did not request that the question of contributory negligence be submitted to the jury, and the assignment presenting this point is not well taken. Ellington v. Great Northern Ry. Co., 92 Minn. 470, 100 N. W. 218. Our examination of the record leads to the conclusion that the verdict is sustained by the evidence.

Order affirmed.