Crew, J.
At common law a railroad company was not required to enclose or fence its right of way, and domestic animals straying or going upon such right of way were considered trespassers thereon, and if killed or injured the owner thereof was without remedy. The obligation to fence, if any exists, is statutory and must rest upon legislative enactment, for no such duty is imposed by the common *459 law. In this state, by Section 3324, Revised Statutes, the duty is imposed upon every railroad company to construct and maintain, on each side of its right of way, a fence sufficient to turn stock, and the company is made liable in damages for loss or injury to either persons or property resulting from its failure to perform that duty. The precise question here presented, by the record now before us, is, whether in the present case, under this statute, upon the agreed facts, the failure of The Hocking Valley Railway Company to maintain along its right of way fences sufficient to turn stock, renders it liable in damages to the defendant in error George Phillips, because of the killing of his steer which it is admitted was not killed by said Hocking Valley Company, nor on its right of way. A solution of this question depends upon the construction proper to be given above Section 3324, Revised Statutes, the provisions of which, so far as they are here pertinent, read as follows: “A company or person having control or management of a railroad shall construct, or cause to be constructed, and maintain in good repair on each side of such road, along the line of the lands of the company owning or operating the same, a fence sufficient to turn stock, * * * and such company or person shall be liable for all damages sustained in person or property in any manner by reason of the want or insufficiency of any such fence, * * * or any neglect or carelessness in the construction thereof, or in keeping the same in repair.” This statute, which is in the nature of a police regulation, was enacted from considerations of public policy, and its obvious purpose is *460 to prevent stock from getting upon the right of way and track of a railroad company and thereby endangering not only their own safety, but the lives and safety of the traveling public. But it was neither the design nor is it the effect of this statute, to make the railroad company liable for all injuries, regardless of where or how they may occur, which would not have occurred but for the failure of the company to construct and maintain sufficient fences. Under this statute, we think, the liability of a railroad company for injuries to stock going upon its right of way in consequence of the company’s neglect to construct and maintain proper fences, is a liability for such damages only as result from injuries received upon its right of way as the direct and natural consequence of the absence of sufficient and proper fences. In other words, the duty of the railroad company under this statute has relation only to dangers upon its own right of way. Section 2692 of the General Statutes of the state of Minnesota provides that: “All railroad companies in this state shall within six months from and after the passage of this act, build or cause to be built good and sufficient cattle guards at all wagon crossings and good and substantial fences on each side of such road.” Section 2693 of said statutes provides that: “All railroad companies shall be liable for domestic animals killed or injured by the negligence of such companies, and a failure to build and maintain cattle guards and fences as above provided shall be deemed an act of negligence on the part of such companies.” The supreme court of Minnesota in the case of Frisch v. Chicago *461 Great Western Ry. Co., 95 Minn., 398, construing these sections, say: “It has been uniformly held by this court that the purpose of the statute we'are here considering is to prevent domestic animals from getting upon railroad tracks, thereby endangering the safety of the traveling public, persons in charge of trains, and of the animals themselves, by requiring the roads to be inclosed by proper fences and cattle guards. Blais v. Minneapolis & St. Louis Ry. Co., 34 Minn., 57; Smith v. Minneapolis & St. L. Ry. Co., 37 Minn., 103. The language of Section 2693 and the purpose of its enactment clearly indicate that the liability upon a railroad company for loss of domestic animals by a failure to fence its road is limited to animals killed or injured on its right of way. We so construe the section.” This statute was also considered by the circuit court of appeals, eighth circuit, in Bear v. Chicago Great Western Ry. Co., 141 Fed. Rep., 25, and it was held, that the statute entailed a liability upon a railroad' company only for a damage done upon its own right of way. The •facts of that case are in many respects quite similar to the facts in the case at bar. The plaintiff Bear was the owner of a valuable horse alleged to be worth more than two thousand dollars. The horse being in the public highway went upon the defendant company’s right of way through an opening in the defendant’s fence, crossed the defendant’s right of way and track, and went upon the right of way and track of the Northwestern Railway Company, where it was killed by' a passing train owned and operated by the latter company. In the opinion in that case, Hook, Circuit Judge, *462 says: “As to the construction of Section 2693: By its terms it relates alone to domestic animals killed or injured through the failure of a railroad company to inclose its right of way; such failure being termed an act of negligence. Does it include a case, such as this, where the animal was not killed on the right of way of the defendant? The enactment of the statute was in view of the obvious and special dangers incident to a railroad right of way and the moral duty of the owner to adopt reasonable precautions to guard against them. This moral duty was made a statutory duty, and the means prescribed as being best suited to attain the object were the erection and maintenance of fences and cattle guards. The defendant’s duty was in relation to the dangers upon its own possessions. The duty to exclude stock from an adjoining or a distant right of way was upon the company that owned it.” A like interpretation and effect must, we think, be given to Section 3324 of our statutes. It therefore necessarily follows, that upon the admitted facts of the present case, The Hocking Valley Railway Company is not liable to the defendant in error, George Phillips, because of the loss he sustained, for in contemplation of law it has done him no wrong. In an action for neglect of duty it is not enough for the plaintiff to show that the defendant neglected a duty imposed by statute, and that he would not have been injured if the duty had been performed, but to entitle him to recover, he must further show that such duty was imposed for his benefit, or was one which the defendant owed to him for his protection and security, from the particular loss or injury of which he complains. Smith v. Tripp, 13 R. I., *463 152; O’Donnell v. The Providence & Worcester R. R. Co., 6 R. I., 211. We have examined all the authorities cited by counsel for defendant in error, and such examination discloses that in each of the cases cited and relied upon, the loss or injury for which a recovery was had, occurred upon the right of way of the company against which judgment was permitted. Hence, these authorities are not controlling, neither are they in conflict with our holding in the present case.

Judgment reversed and judgment for plaintiff in error.

Summers, C. J., Spear, Davis, Si-iauck and Price, JJ., concur-»