ANDREW POUNDS v. CHICAGO GREAT WESTERN RAILROAD COMPANY.[1]

May 12, 1911.

Nos. 17,042—(102).

Verdict sustained by evidence.

The evidence sustains the verdict that defendant was negligent, that its negligence was the proximate cause of the injury, and that plaintiff was not guilty of contributory negligence, and did not assume the risk.

Violation of rule not always negligence per se.

It is not negligence per se for a brakeman to violate a rule of the company forbidding employees to ride on the pilots of engines, when defendant's negligence creates an emergency, and renders disobedience of the rule necessary to the discharge of the brakeman's duties.

Action in the district court for Ramsey county to recover $15,-000 for personal injuries. The substance of the complaint and the answer is given in the third paragraph of the opinion. The reply was a general denial. The case was tried before Brill, J., and a jury which returned a verdict in favor of plaintiff for $7,500. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*Briggs, Thygeson, Loomis & Everall,* for appellant.
*Samuel A. Anderson,* for respondent.

[1] Reported in 131 N. W. 329.

Bunn, J.

Plaintiff was a freight brakeman on the railroad now owned by defendant, but then operated by receivers. He was an experienced brakeman, thirty-four years old at the time of the accident. On July 6, 1908, at about ten o'clock a. m., the freight train on which plaintiff was working, composed of an engine and some thirty cars reached Norwood, Iowa. Part of the cars were to be cut out of the train and switched to mines. They were cut out by means of a flying switch, which left the cars on the main line about one hundred feet east of the switch, with the engine on the switch track. Plaintiff had thrown the switch to make the cut, and remained there until the cars ran out on the main line. The next operation was for the engine to couple to the cars and push them to the mines. It was plaintiff's duty to make the coupling.

He testified that as the rear car passed the switch he ran behind it and attempted to open the knuckle on the automatic coupler, but was unable to do so. In making an automatic coupling, it is not necessary to have the knuckles on both couplers open, and, after failing to open the knuckle on the car, plaintiff returned to the switch, and brought out the engine on the main line, heading towards the cars. He testified that he stepped upon the pilot and signaled the engineer to come ahead; that it was necessary to open the knuckle on the coupler, and, owing to the fact that the drawbar was loose and would swing to one side, necessary to hold it in place with his hands in order to make the coupling; that in doing this he stood with his right foot on the "heel" of the pilot, a small triangular projection about six inches outside the rail and a short distance in front of the front wheels of the engine; that his left foot was inserted between the slats of the pilot, and that he had hold of the "pin lifter" with his right hand, using his left to open the knuckle and hold the drawbar in position. The "pin lifter" is an iron rod extending across the front of the engine and connecting with the coupling apparatus. It is not intended for a hand-hold. Plaintiff testifies that, as he was attempting to push the drawbar in position, the pin-lifter rod pulled to one side, causing

him to lose his balance, so that his right foot slipped from its support, went under the wheel, and was run over.

This action was brought to recover for the injuries sustained in the accident. The complaint charged that defendant was negligent (1) in having a defective automatic coupler on the front end of the engine; (2) in having a defective automatic coupler upon the freight car to which the engine was to be coupled. Defendant answered, denying that the accident was caused by any negligence on its part, and alleging contributory negligence and assumption of risk. The evidence tended to show the facts stated above, with others, mentioned hereafter. The court denied defendant's motion to direct a verdict, and submitted the case to the jury, which found a verdict for plaintiff. Defendant made the usual alternative motion, and this appeal is from an order denying such motion.

Defendant does not contend that the evidence did not make a case for the jury on the question of defendant's negligence in having defective couplers on the engine and car, but does contend (1) that such negligence was not the proximate cause of the accident; (2) that it was impossible for the accident to have happened as plaintiff claimed; (3) that it conclusively appears that plaintiff was guilty of contributory negligence; and that he was acting in disobedience to a rule of the company forbidding employees to ride on the pilots of engines. We will dispose of these contentions in the order stated.

1. On the question whether the defective couplers were the proximate cause of the accident, this court has decided cases substantially identical in facts with the case at bar, and on the authority of those cases defendant's contention must be overruled. Turrittin v. Chicago, St. P., M. & O. Ry. Co., 95 Minn. 408, 104 N. W. 225; Sprague v. Wisconsin Central Ry. Co., 104 Minn. 58, 116 N. W. 104.

2. Defendant insists that it is a physical impossibility that the accident happened as plaintiff testified. The argument was a proper one to address to the jury, but it does not convince us that the decision of the jury that the accident did happen in that way ought to be disturbed. We cannot say that it was impossible that, when

the pin lifter slipped back and plaintiff was thrown backwards, his right foot could not have slipped from the pilot and in under the pony truck's wheel.

3. Does it conclusively appear from the evidence that plaintiff was guilty of contributory negligence? Defendant's claim in this regard is based upon (a) plaintiff's attempting to make the coupling by standing upon the pilot of the moving engine; and (b) upon his disobedience of the rule of the company forbidding employees to ride upon the pilot. Defendant contends that the coupling could and should have been made from the ground, by moving the engine to a point very close to the cars, then stopping it, putting the coupler in position so that it would strike the car coupler in the proper place, and then moving the engine ahead to make the coupling. But if it was necessary to adjust the coupler on the engine, and to hold it in position, it was probably necessary for plaintiff to get upon the pilot, and the danger would apparently be the same. The fact that there was an emergency, that both couplers were defective, and it was necessary to adjust and hold in position the one on the engine, must be considered in determining the question whether plaintiff acted with ordinary care, and we think it was a fair question for the jury.

It is undoubtedly the duty of employees of a railway company to implicitly obey all reasonable orders or rules, and a failure to do so will defeat a recovery by an injured employee if his disobedience was the proximate cause of his injury, unless obedience was impracticable under the circumstances. Green v. Brainerd & N. M. Ry. Co., 85 Minn. 318, 88 N. W. 974. It is fair to say, in our opinion, that the rule forbidding employees to ride on the pilots was not made to apply to a case where defendant's negligence made it necessary for an employee to get upon the pilot in order to perform his duty to his employer. Plaintiff may have gotten upon the pilot before it was absolutely necessary; but this does not seem material, if we grant the necessity of his taking that position at any time before making the coupling. The evidence indicates that there were orders to hurry, to get out of the way of a train that was expected. We conclude that the trial court was correct in holding

that plaintiff's riding upon the pilot under the circumstances did not as a matter of law preclude his recovery. The question was properly left to the jury.

4. We have examined the other questions raised by the assignments of error, including the question of assumption of risk and rulings on the admission of evidence and on requests for instructions, and we find no reason to disturb the verdict.

Order affirmed.