## E. W. TURNER v. CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY.[1]

### May 4, 1917.

### Nos. 20,222—(68).

**Railway — defective fence — proximate cause of injury to cattle.**

1. Plaintiff's cows escaped from the pasture in which they were confined, by reason of a defect in the right-of-way fence of defendant, which fence extends on the line between the right of way and said pasture; the cows passed along the right of way and over certain cattle guards at a highway crossing, thence along the highway until they came to an adjoining farm; here they entered the yard surrounding the farm house, and by the family dog were frightened away, again going upon the right of way through an open gate, placed in the right-of-way fence for the convenience of that farm, where they were soon after struck and killed by a passing train. The movements of the cows from the time of their escape from the pasture through the defective fence to the time they were killed by the train were for all practical purposes continuous and uninterrupted.

It is *held* that the question whether the defect in the right-of-way fence through which the cows escaped from the pasture was the proximate

[1] Reported in 162 N. W. 469.

cause of their presence upon the right of way at the time they were struck and killed by the train was one of fact, and that the verdict of the jury thereon is sustained by the evidence.

**Trial — failure to except to omission in charge to jury.**

2. The failure of the trial court to expressly call the attention of the jury to the degree of care imposed upon defendant in respect to the maintenance of the right-of-way fence was an inadvertence, and since no exception was taken at the trial is not reversible error. Coe v. Northern Pacific Ry. Co. 101 Minn. 12, followed and applied.

Action in the district court for Steele county to recover $220 for injury to plaintiff's live stock. The answer alleged that plaintiff negligently allowed the cattle to pass through an open gate upon defendant's track knowing of the approach of a train and so near thereto that defendant was unable to stop the train. The case was tried before Childress, J., who at the close of the testimony denied defendant's motion for a directed verdict, and a jury which returned a verdict for $250. Defendant's motion for judgment notwithstanding the verdict or for a new trial was denied. From the judgment entered pursuant to the order for judgment, defendant appealed. Affirmed.

*Stringer & Seymour,* for appellant.

*Moonan & Moonan,* for respondent.

BROWN, C. J.

In an action for the value of certain cows killed by one of defendant's trains plaintiff had a verdict for $250; defendant moved for judgment notwithstanding the verdict, or a new trial; the motion was denied and defendant appealed from the judgment rendered on the verdict.

Plaintiff owns and resides upon a farm adjoining the right of way of defendant; a pasture in which his cattle were confined is inclosed on one side by the right-of-way fence, constructed by defendant in compliance with statutory requirements. The right-of-way fence was defective, and by reason thereof some of plaintiff's cows passed out of the pasture and onto the right of way.' They followed the right of way to an intersecting highway, passed over the cattle guards into the highway, and thence to the yard of an adjoining farm where they proceeded to dispose of some corn, which lay exposed in the yard, when the occupant of the house

"set the dog" on them, and they made a hasty retreat through a farm gate back upon the right of way, where soon thereafter they were struck and killed by a passing train. The farm gate, through which they entered upon the right of way, was placed in the right-of-way fence at this point for the convenience of the owner of that farm, and had been left open by some member of his household. The time elapsing after the escape of the cows until they reached the adjoining farm, soon after which they again went upon the right of way and were killed, does not clearly appear, though we judge from the facts disclosed that the movements of the cows were practically continuous from their escape from the pasture until they were struck and killed by the train.

The assignments of error relied upon for reversal present two questions: (1) Whether there was reversible error in the instructions of the court in respect to the duty of defendant to keep and maintain its right-of-way fence in good condition of repair; and (2) whether the defect in the fence was the proximate cause of the injury to and death of the cows. The point that the court erred in permitting an amendment of the complaint is not sustained. There was no abuse of discretion.

1. Defendant's right of way had been properly fenced, as required by law, and no question was made respecting the sufficiency of the fence as originally constructed; the precise claim of negligence being a failure to keep and maintain the same in good condition. The court charged the jury relative to the statutory duty of defendant to construct and maintain the fence, but did not instruct in reference to the degree of care required to keep and maintain the fence in good repair. Counsel for defendant, in the motion for a new trial, excepted to the instructions upon this feature of the case, contending that the jury were thereby informed that the duty of repair and maintenance was absolute, and not one of reasonable care, as fixed by G. S. 1913, § 4263. No exception was taken at the trial, nor was the attention of the court otherwise called to the defect in the instructions. The case in this respect is practically identical with Coe v. Northern Pac. Ry. Co. 101 Minn. 12, 111 N. W. 651, 11 L.R.A.(N.S.) 228, 11 Ann. Cas. 429. The failure of the court in that, as in the case at bar, to refer to the degree of care imposed upon the defendant manifestly was an oversight, an unintentional omission, to which attention should have been called at the trial.

2. The contention that the defect in the right-of-way fence at the point where the cows entered upon the right of way was not the proximate cause of their subsequent injury by the train is not sustained. The defective right-of-way fence was the occasion of the escape of the cows from the pasture. From that point to the time they were frightened from the yard of the adjoining farmer and passed through the open gate, again upon the right of way, where they met death, was one continuous uninterrupted course of events, and whether such defect in the fence was the proximate cause of their subsequent death was at least a question of fact. Strobeck v. Bren, 93 Minn. 428, 101 N. W. 795; Jeffries v. Chicago & A. Ry. Co. (Mo. App.) 182 S. W. 1082. The evidence sustains the verdict in this respect. The act of the wife of the adjoining farmer in setting the dog on the cows, thus frightening them away and causing them to go through the open right-of-way gate, was not an independent intervening cause which may be said as a matter of law to interrupt the causal connection between the defective fence and the death of the animals. The question was properly submitted to the jury. Nelson v. Chicago, M. & St. P. Ry. Co. 30 Minn. 74, 14 N. W. 360; Frisch v. Chicago G. W. Ry. Co. 95 Minn. 398, 104 N. W. 228, are not in point.

This covers the case. The evidence sustains the verdict, and no reversible errors are disclosed by the record.

Judgment affirmed.